(36 South. 787.)

No. 15,039.

RAYMOND v. CARRANO.

(June 6, 1904.)

DIVORCE—PLEA—PREMATURITY OF ACTION—
DECREE OF SEPARATION.

1. Where a person against whom a judgment of separation from bed and board has been rendered brings suit, more than two years after the signing thereof, for final divorce, and after the filing of the answer, and more than two years after the expiration of the delay allowed for appeal from such judgment, the defendant excepts on the ground that the suit was brought within two years from the date of the expiration of such delay, the exception amounts merely to a plea of prematurity of action, and, as such, comes too late.

2. All that is required of a party against whom a judgment of separation from bed and board has been rendered in order to entitle him to a final divorce is that he shall show that such judgment has been rendered, that two years have elapsed since it became final, and that no reconciliation has, in the meanwhile, been effected between him and his wife.

Nicholls, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Hubert Raymond against Jeanne Carrano, his wife. Judgment for plaintiff, and defendant appeals. Affirmed.

Herman Michel (Henry Laurence Lazarus, of counsel), for appellant. Joseph Benjamin Derbés, for appellee.

MONROE, J. Plaintiff brought suit for separation from bed and board, and the defendant, reconvening, obtained a judgment of that character against him, which was signed January 22, 1901. Upon January 29, 1903, plaintiff filed a petition setting forth the date of the judgment so obtained, alleging that there had been no reconciliation, and praying for a final divorce, and the defendant answered that the plaintiff was not entitled to the judgment prayed for, because, as she alleges, he has been living in adultery with a person whom she names, and has not contributed to the support of herself and child, or satisfied a judgment for alimony rendered against him since the institution of this suit.

Some time afterward, to wit, upon May 4th, defendant filed an exception in which she alleges that plaintiff's petition discloses no cause of action, in this: that the same was filed before the expiration of two years from the date at which the judgment of separation from bed and board became final. After hearing, there was judgment decreeing the divorce, as prayed for by the plaintiff, and awarding the custody of the child of the marriage to the defendant, as prayed for by her, and the defendant has appealed.

Counsel for defendant argues that the judgment of separation from bed and board became final only upon the expiration of the delay allowed for an appeal, which he assumes to have been 30 days, not including Sundays, after the signing of the judgment. Pretermitting the question whether Act No. 49 of 1871, p. 151, now incorporated in Code Prac. art. 573, in so far as it regulates appeals from judgments of "divorce," applies to appeals from judgments of separation from bed and board, the exception, having been filed more than two years after the expiration of the delay allowed for the appeal (whether that delay be reckoned according to the act of 1871 or according to other provisions of law), and long after the filing of the answer, amounts merely to a plea of prematurity of action, is so designated by the

counsel in his brief, and, as such, came too late. 2 Hen. Dig. vol. 11, p. 1164 (3), No. 1. The learned counsel further argues that the judgment of separation from bed and board did not dissolve the marriage contract; that the plaintiff was still bound thereby; that for the purposes of this suit he should still be held accountable for any violations thereof of which he may have been guilty since the rendition of that judgment; and hence that the defendant should have been permitted to prove the adultery alleged in the answer. This view of the matter ignores the fact that the law gives the right of action which the plaintiff is here asserting to those against whom judgments of separation from bed and board have been rendered because they have violated their marriage contracts, and imposes no other conditions with respect to its enforcement than that such judgments shall have been rendered, that two years shall have elapsed since they became final, and that no reconciliations shall have been effected. Thus the Act No. 25 of 1898, p. 34, upon which plaintiff relies, provides "that, whenever a judgment of separation from bed and board shall have been rendered and no reconciliation shall have taken place, * * * the married person against whom the judgment shall have been rendered may, at the expiration of two years from the date the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board a final judgment of divorce," etc.

In this particular instance judgment of separation from bed and board was rendered against the plaintiff on the ground of abandonment, and if, since the rendition thereof, he had done nothing worse than continue the abandonment, he would not, according to the argument presented, be entitled to the divorce which he now demands, because he would thereby have been guilty of a continued violation of the marriage contract. If, however, he had adopted the only alter-native—i. e., that of returning to his wife—it is quite evident that he would not be entitled to the divorce, from which it would appear, as the conclusion to which the argument of the counsel leads, that, as to the plaintiff and others similarly situated, the act of 1898 is a dead letter.

Such a conclusion being inadmissible, we must fall back upon the rule that, where there is no ambiguity, the language of a law must be given its ordinary meaning, and, so interpreting the language of the statute in question, must hold that the plaintiff has done all that is required of him in showing that a judgment of separation from bed and board was rendered against him, that it became final more than two years ago, and that no reconciliation has, in the meanwhile, been effected between him and his wife.

The judgment appealed from is accordingly affirmed.

NICHOLLS, J., dissents.