SOMMERVILLE, J.
Plaintiff appealed from a judgment sustaining an exception of no cause of action to his suit for divorce brought against his wife under the terms of act No. 269, 1916, p. 557, which is as follows:
“An act to allow a divorce to married persons who have been living separate and apart for a period of seven years or more.
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts * * * of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce which shall be granted upon proof of a continuous living separate and apart of the spouses, during said period of seven years or more.
“Sec. 2. Be it further enacted, etc., that all laws, or parts of laws, contrary to, inconsistent with or in conflict with, this law be, and they are hereby, repealed.
“See. 3. Be it further enacted, etc., that this law take effect according to law.”
Article 139 of the Civil Code declares the grounds for divorce to be where the husband or wife may have been sentenced to an infamous punishment, or have been guilty of adultery, or where a separation of bed and board shall have been rendered between the parties, and one year shall have expired from the date of judgment of separation, and no reconciliation shall have taken place. Act 25, 1898, p. 34, grants an additional ground for divorce. It says:
“The married person against whom the judgment for separation from bed and board shall have been rendered may, at the expiration of two years from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board a judgment of final divorce from the spouse,” etc.
Act 269, 1916, p. 557, adds a fifth ground for divorce, namely, when married persons have been living separate and apart for a period of seven years or more.
Defendant bases her exception of no cause of action on the ground that Act 269 is prospective, and not retroactive, and that she and the plaintiff have not been living apart seven years since the promulgation of the act in 1916. The language of the act is clear and free from' ambiguity. It says:
“That when married persons have been living separate and apart for a period of seven years or more,” etc.
This language can convey' but one meaning to the mind. If, as contended for by defendant, the Legislature meant to say that the period of seven years or more referred to in the act was to be after the passage and the promulgation of the act, the language would have been different. The court cannot add the words “after the promulgation of this act.” To construe the act to mean what is contended for by the defendant, the Legislature should have said, “That when married persons shall hereafter live separate and apart for a period of seven years or more,” etc., or words of similar import. It is impossible to say that the Legislature, in Act No. 269, intended to refer only to married persons who shall hereafter live separate and apart for a period of seven years or more, when the act says plainly:
“That when married persons have been living separate and apart for a period of seven years or more,” etc.
The exception of no cause of action should have been overruled.
Defendant also files what is styled an exception based on the uneonstitutionality of the act; but this plea was not passed upon. The cause will be remanded for further trial.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and the case is remanded to the district court to be there proceeded with in accordance with law; defendant to pay the costs of this appeal.