(78 South. 594)

No. 22551.

HAVA v. CHAVIGNY.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. DIVORCE &#x2907;13—SEPARATION FROM BED AND BOARD—CONSTRUCTION OF STATUTE.

Act No. 269 of 1916, § 1, allowing a divorce to married persons who have been living separate and apart for a period of seven years or more, refers to those "who have been living * * * apart for a period of seven years or more," regardless of the date of the passage and promulgation of the act.

2. DIVORCE &#x2907;93(4)—SEPARATION—CAUSE OF ACTION.

The act, having imposed no conditions with respect to its enforcement other than that the parties "have been living * * * apart for a period of seven years or more" (section 1), it is not necessary for any other condition to be alleged in plaintiff's petition to sustain a cause of action.

3. CONSTITUTIONAL LAW &#x2907;96, 153, 190—EX POST FACTO LAW—OBLIGATION OF CONTRACT—VESTED RIGHTS.

Act No. 269 of 1916 is not an ex post facto law; it does not impair the obligations of the contract of marriage; and it does not divest vested rights.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit for divorce by Adrian Hava against Mrs. Marie Ernestine Chavigny. Exception of no cause of action sustained, and plaintiff appeals. Judgment reversed, and suit remanded to district court.

W. O. Hart, of New Orleans, for appellant. Charles Louque, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues his wife for a divorce on the ground that they have lived separate and apart for more than seven years, as provided for in Act No. 269 of 1916, p. 557.

Defendant filed an exception of no cause of action, which was sustained. Plaintiff has appealed.

Act No. 269 is entitled "An act to allow a divorce to married persons who have been living separate and apart for a period of seven years or more"; and it provides in section 1:

"That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the state of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses during said period of seven years or more."

Section 2 repeals all laws, or parts of laws, contrary to or inconsistent with or in conflict with the act; and section 3 provides that this law shall take effect according to law.

[1] It is argued, in support of the exception, that the act refers only to the future, and that it is not retrospective in its effect in any degree, and that it does not cover married persons who have been living separate and apart for a period of seven years or more before the date of the passage of the act. This same point was presented and ruled upon adversely in the case of Hurry v. Hurry, 141 La. 954, 76 South. 160.

The act provides that a suit may be instituted, of course, after the passage of the act, for divorce on the ground stated in the act. It does not attempt to provide for a suit instituted before its passage; and this suit was instituted after the passage of the act. The act is not retrospective in that respect.

It was held in the Hurry Case that the language of the act is clear and unambiguous, and it must be given effect to. The act (section 1) provides:

"That when married persons have been living separate and apart for a period of seven years

or more, either party to the marriage contract may sue * * * for an absolute divorce," etc.

Plaintiff, having alleged in his petition that he and his wife "had been living separate and apart for a period of seven years or more" prior to the date of the filing of the suit, under that act, shows a cause of action for a divorce.

Act No. 269 contains an additional ground for divorce to those mentioned in the articles of the Civil Code, and the amendments thereof; and it does not provide that the seven years or more during which the married persons have been living separate and apart should be subsequent to the adoption of the act. On the contrary, it provides that "when married persons have been living separate and apart for a period of seven years or more," either party may sue for a divorce.

[2] In his reasons for sustaining the exception of no cause of action, the judge says that there is no allegation in the petition that plaintiff was without fault, and that he has performed, or been ready to perform, his duties under the marriage contract. But this allegation is not mentioned in Act No. 269. The act imposes no other conditions with respect to its enforcement than that the parties shall "have been living separate and apart for a period of seven years or more." The allegation that he was without fault was therefore unnecessary to support the cause of action in this case. Raymond v. Carrano, 112 La. 869, 36 South. 787.

[3] In a supplemental brief, defendant shifts her ground, and says:

"We filed an exception of no cause of action, which was leveled tacitly at the constitutionality of the act."

Defendant quotes article 166 of the Constitution to the effect:

"No ex post facto law, or any law impairing the obligations of contracts, shall be passed, or vested rights be divested," etc.

Act No. 269 is not a criminal statute; it is not an ex post facto law; and it does not impair the obligation of any contract. It provides for a dissolution of the contract of marriage after such contract has been entered into for a cause arising subsequent to the date of the marriage. But that does not impair the obligations of the parties to the contract. The dissolution of the marriage will operate a dissolution of the community of acquêts and gains existing between the spouses, and each one will take his share therein; but there will be no divestiture of defendant's rights by the dissolution of the community. She will take her share therein. The act is constitutional.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that this suit be remanded to the district court, to be there proceeded with in accordance with law.