SOMMERVILLE, J.
The plaintiff, 'husband, alleges that he and his wife have been living separate and apart for a period of seven years or more, and asks for a judgment *161 for an absolute divorce from tbe defendant wife.
Tbe defendant answered, admitting tbe allegations contained in plaintiff’s petition, as to tbe living apart of herself and husband, for more than seven years, and, reconvening, set up that her husband bad been guilty of adultery during these seven years or more, and she asked for tbe dismissal of bis suit, and for a judgment- of divorce in her favor, with alimony.
The plaintiff ruled defendant into court under tbe Pleading and Practice Act (No. 157 of 1912, p. 225, as amended and re-enacted by Act No. 300 of 1914, p. 611), to show' cause why tbe judgment prayed for by him should not be granted on the face of the papers. Tbe rule was discharged. This was error. There was judgment in favor of defendant granting her a divorce, and dismissing plaintiff's suit. Plaintiff has appealed.
It was argued in tbe case of Tortorich v. Maestri, 146 La. 123, 83 South. 431, which was a suit by the husband against his wife for a divorce based on the ground that there had been a judgment of separation from bed and board between them more than two years before the institution of the later suit, and in which there was an answer in reconvention, praying for judgment for divorce and for alimony , that the judgment of the district court should be set aside, as it was based upon admissions contained in the answer, and was in the nature of a consent judgment, in contravention to public policy and established jurisprudence; that the Pleading and Practice Act was not applicable to a divorce proceeding; and that the offender, .for whose fault the bonds of matrimony should be dissolved, should not be given the judgment dissolving them.
In the course of the opinion it is said:
“Tlie Pleading and Practice Act (Act 300 of 1914, p. 611, amending and re-enacting Act 157 of 1912) is by its terms a statute of general application in civil eases brought and pending in the district court, other than appeals from justices of the peace courts, and we find no-sufficient reason or authority for holding it to bo inapplicable to eases of this character. * * *
“It may very well happen, therefore, that, in view of the relation of the reeonventional demand to the main demand, it would he improper or unwise in a particular case to give judgment upon the one separately from the other, whereas in another case such a course may be safely pursued. And the case now under consideration appears to us to belong to the class last mentioned, since defendant was clearly entitled to the judgment of divorce, and his right thereto is and can be in no wise affected by plaintiffs claim for alimony, for the consideration of which the case will be remanded.”'
It is further said in the opinion:
“The husband brings this suit upon a totally different cause of action, and, though he may have ‘sped to court,’ he did so under the express authority of a statute giving the sinned-against wife the preference, by declaring that she might at any time after the expiration of one year from the final judgment of separation obtained by her obtain judgment of final divorce, upon showing that there had been no reconciliation, and that only in the event of her failure to avail herself of that opportunity, and after the expiration of a second year should the sinner husband ho heard upon such demand.
“The cause of action here set up by the husband is therefore, not that he deserted his wife, nor that he liyed in adultery for two years after she had obtained her judgment of separation, but that, sinner though he was, the law had then opened the court to him to obtain the final divorce which the wife had not thought proper, and might never think jumper, to obtain; it not being within the contemplation of the law that any such penalty for marital misconduct should be enforced as that the offending party should by a judgment of separation from bed and board be deprived of his rights and relieved of his obligations with respect to one marriage and forever denied the privilege of contracting another. The particular statute in question was enacted solely for the benefit of the sinner, against whom a judgment of separation from bed and board is rendered, because, under the pre-existing- law, it was found that persons obtaining such judgments sometimes chose, from religious scruples or otherwise, to rest at that point, refrain from obtaining judgments of final divorce, and thus hold the defendants, with whom, perhaps, they were un *163 willing to become reconciled, in the position of bemg neither married nor capable of legally marrying, a position which was not regarded as conducive to good morals or the general welfare.”
See, also, Raymond v. Carrano, 112 La. 869, 36 South. 787.
[1] The reasoning in the Tortorich Case, supra, altogether applies to a divorce proceeding granting to the party against whom a judgment of separation has 'been rendered the right to sue for an absolute divorce after two years, where there has been no reconciliation, and it is entirely applicable to this suit, brought under the act granting to either party the right to institute divorce proceedings, after having lived separate and apart for seven years, where there has been no reconciliation.
And under the above ruling, the rule taken by, plaintiff to strike from the record the re-conventional demand for a divorce, on the ground of adultery, made by the wife, should have been sustained.
It is provided in article 362, C. P., that the defendant may institute demands incidental to the suit against the plaintiff. And article 363 enumerates these incidental demands as those in compensation, reconvention, and warranty. Article 375 says:
“In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the mam action, be, nevertheless, necessarily connected with and incidental to the same.”
And article 377 provides:
“In all cases of reconvention, the defendant may plead it, either as an exception in his answer to the principal demand, or institute a distinct and separate demand before the court in which the main action is pending.”
The action for divorce on the ground of adultery is not in any way incidental to the suit of plaintiff for divorce on the ground of living separate and apart for seven years or more. They are separate causes of action, and should have been brought in separate suits. And the objections made by plaintiff to the evidence in support of the allegations contained in the reconventional demand should have been sustained.
[2] It is argued again that Act 269 of 1916 is not retrospective or retroactive, and that it applies only to the future, and that the term' of seven years living separate and apart should date from the passage of the act or a subsequent date, and that it should not apply to that portion of the term which had expired before the adoption of the act. Tlie act is remedial in its nature, and it took effect upon people as it found them. It is simply retroactive to this extent: That it affected the rights of persons already in existence from the passage of the act and was not confined merely to rights and persons coming under its terms in the future. It is a statute giving the personal status of married persons, and giving the remedy to those who have lived separate and apart for more than seven years.
It was said in the case of Ross v. Duval, 13 Pet. 63, 10 L. Ed. 51, by the Supreme Court of the United States, with reference to a statute of prescription:
“It is a sound principle that, where a statute of limitations prescribes the time within which suit shall be brought, or an act done, and a part of the time has elapsed, effect may be given to the act; and the time yet to run, being a reasonable part of the whole time, will be considered the limitation in the mind' of the Legislature, in such cases.”
And in Sutherland on Statutory Construction, § 482, it is said:
“Where statutory relief is prescribed for a cause which is continuous in its nature, as a statute of limitations, or desertion for a certain time as a ground for divorce, if the cause continues after the statute goes into effect, the future continuance of the cause may be supplemented by the time it was continuous immediately before the act was passed, to constitute the' statutory period.” !
*165 In Vincent v. Le Doux, 146 La. 144, 156, 83 South. 439, 443, it is said:
“The case of Hurry v. Hurry, 141 La. 954, 75 South. 160, was brought up. on appeal from a judgment sustaining an exception of no cause of action; the ground relied on being that, though the parties had been living separate and apart for seven years or more, seven years had not elapsed since the promulgation of the statute. It was held .that the statute reads, ‘That when married persons have been living separate and apart for seven years or more,’ etc., and that it is not within the province of the courts to interpret it as reading shall have lived separate and apart after the promulgation of the statute, and that ruling'was affirmed in Hava v. Ohavigny, 143 La. 365, 78 South. 594 (where it was held that in order to disclose a cause of action, under the Act of 1916, it is necessary to allege only those facts and conditions required by that statute), and again affirmed in Hurry v. Hurry, 144 La. 877, 81 South. 378 .(before the court on its merits), where it was further held that the objections that the act was unconstitutional were hot well founded.”
To the same effect see the decision in Lepenser v. Griffin, 146 La. 584, 83 South. 839.
In the case of Vincent v. Le Doux, supra, which was a suit by the husband against his wife for divorce for having lived separate and apart for more than seven years, and the defense was set up that the living separate and apart was not voluntary, because of the interdiction of the wife during the term, it was held that the law made no exceptions, and that the court could make none for the defendant. And the plaintiff was granted a divorce.
The admissions in the answer of the defendant in this case, and the testimony heard on the trial thereof, showed that plaintiff and defendant had been living separate and apart continuously for more than seven years, and plaintiff was therefore entitled to the relief prayed for. The wife against whom' a judgment of divorce is rendered is not entitled to alimony, except under the special provision of Act 25 of 189S.
■The judgment appealed from in favor of defendant is annulled, and it is ordered, adjudged, and decreed that plaintiff be and he is hereby granted a divorce on the pleadings. The costs to be paid by defendant.
DAWKINS’, J., takes no part.