O’NIELL, C. J.
 

 The defendant has appealed from a judgment of divorce and relies upon a plea of res judicata. The divorce was granted for the cause given in the Act No. 269 of 1916, p. 557 — that is, that the parties had been liying separate and apart from each other for 7 years or longer. It was proven on the trial, and is not disputed, that they had been living apart from each other continuously for a period exceeding 18 years when this suit was tried. The only defense insisted upon was the plea of res judicata, based upon three judgments rendered against the plaintiff, in three previous suits for a divorce on the ground of 7 years’ separation, each judgment being a dismissal of the plaintiff’s suit. The first suit was filed in August, 1916, the allegation being that the plaintiff and defendant had been living separate and apart for 11 years. The defendant pleaded that the petition did not show a cause or right of action, the basis of the plea being that the Act No. 269 of that year would be unconstitutional if construed so as to grant a right of action for a divorce for a cause or condition existing before the statute was enacted. The judge to whom the case was allotted, being of the opinion that the statute gave the right of action only for 7 years’ separation subsequent to the enactment, sustained the exception of no cause or right of action and dismissed the suit. The judgment was signed on the 4th of February, 1918. The judgment was contrary to the ruling of this court in Hurry v. Hurry, 141 La. 954, 76 So. 160, construing the statute as granting the right to a divorce for 7 years’ separation even though a part of the time was before the statute was enacted. See, also, Hurry v. Hurry, 144 La. 877, 81 So. 378, where it was held that the act of 1916 was not unconstitutional in granting a right of action for a divorce for a cause or condition existing before the law was enacted. That, however, is a matter of no importance in considering the effect of the judgment dismissing plaintiff’s first suit for a divorce, on the- 4th of February, 1918, because the plaintiff failed to appeal from the judgment and allowed it to become final. In March 1918, he filed the second suit for divorce, alleging that he and his wife had been living separate and apart continuously since the date stated in his original suit. To the second suit the defendant filed an exception of no cause or right of action and a plea of rés judicata, the latter being based upon the judgment dismissing the first suit. The case was allotted to the judge who -had dismissed the first suit, and he sustained the plea of res judicata and dismissed the second suit. The judgment was signed on the 6th of May, 1918. There was no appeal from that judg
 
 *23
 
 ment, but, in May, 1920, tbe plaintiff filed his third suit for divorce, aEeging again that he bad been living separate and apart from his wife ever since tbe date stated in tbe first suit. Tbe defendant again filed an exception of no cause or right of action and a plea of res judicata. Tbe case was allotted'to another judge, and be sustained both tbe exception of no cause or right of action and tbe plea of res judicata and dismissed tbe suit. On appeal to this court tbe judgment sustaining the plea of res judicata was affirmed. See McCubbin v. Hutchings, 150 La. 949, 91 So. 350. Tbe decree was-rendered in March, 1922. Thereafter this tbe fourth suit was filed. Tbe defendant again filed an exception of no cause or right of action and a plea of res judicata. Tbe case was allotted to another judge of tbe civil district court, and be overruled tbe exception of no cause or right of action and the plea of res judicata. On tbe trial of tbe case on its merits there was virtually no defense.
 

 This is an unusual plea of res judicata. It is founded not only upon a previous judgment dismissing a simEar suit between tbe same parties but also upon a judgment thereafter declaring tbe right of action foreclosed by tbe first judgment, and upon a third judgment declaring tbe xúgbt of action foreclosed by tbe first and second judgment. With aU of that, we agree with the/judge of tbe civil district court that tbe plea, is not well founded — not because tbe judgment dismissing tbe first suit was based upon a wrong interpretation o-f tbe statute, but because tbe plea of res judicata is never an appropriate defense in a suit for divorce on tbe ground that tbe parties have been living apart for 7 years. It is not possible for a judgment, declaring that tbe plaintiff is not entitled to a divorce on tbe ground of 7 years’ separation from bis wife, to declare that be shall not be entitled to a divorce on that ground at some future time. Two such suits filed at different dates are not founded upon tbe same cause of action. If tbe judgment in any one or all of the three former suits bad rejected tbe plaintiff’s demand for a divorce after a trial of tbe case on its merits, tbe plaintiff’s right of action in this suit would not be thereby foreclosed, as res judicata. It cannot be that tbe several judgments dismissing tbe plaintiff’s three previous suits have had the effect of forever- denying him tbe right to a divorce for a cause for which tbe law gives to any and every person in bis marital situation tbe right to a divorce. We are constrained to overrule tbe decision in McCubbin v. Hutchings, 150 La. 949, 91 So. 350, which, although it was between tbe same parties who are tbe parties to this suit and bad the same object which this suit has, was for a different cause of action.
 

 Tbe defendant’s alternative plea or exception of no cause or right of action was founded, as we understand from her brief, upon tbe fact that there was never a lapse of 7 years from tbe date of the judgment in any of tbe previous suits to the date of filing of the next suit. When a demand for divorce on tbe ground of 7 years’ separation is rejected, or tbe suit dismissed, tbe plaintiff is not required to wait 7 years longer before bringing another suit on tbe ground of 7 years’ separation. Tbe judgment in such case does not interrupt tbe term of separation.
 

 Tbe judgment appealed from is affirmed.