ROGERS, Justice.
 

 Mrs. Olive Andrews Stallings obtained a judgment of separation from bed and board against her husband, Andrew Jackson Stallings. The judgment was rendered on December 8, 1931 and signed on December 14, 1931. No appeal was taken from the judgment and there has been no reconciliation between the parties.
 

 On February 17, 1933, which was one year and sixty-four days after the judgment of separation was signed, Andrew Jackson Stab-lings brought suit for an absolute divorce against Mrs. Olive Andrews Stallings, grounding his action on the provisions of Act No. 56 of 1932. Mrs. Stallings unsuccessfully excepted to plaintiff’s demand, the basis of her exceptions being that Act No. 56 of 1932 was not retrospective in its operation, and that, if so construed, the statute would divest her of her vested rights and impair the obligations of the contract flowing from the judgment of separation which she had obtained. A writ of certiorari brings the case here.
 

 Dnder the provisions of Act No. 25 of 1S98, the successful litigant in a suit for separation from bed and board is given the sole right to sue for and obtain a final divorce after one year and within two years from the date of the judgment, if no reconciliation has taken
 
 *491
 
 place between tbe spouses. At the expiration of the two-year period the spouse against whom the judgment was rendered is given the right to apply for a final divorce.
 

 Act No. 56 of 1932 amended and reenacted Act No. 25 of 1898. Under the provisions of the amending statute, the period at the expiration of which tbe unsuccessful litigant in the separation suit may apply for an absolute divorce is reduced from two years to one year and sixty days from the date the judgment of separation becomes final.
 

 Relator contends that the statute is not intended to operate restrospectively and to destroy rights vested by prior judgments in the successful parties. S'he argues that under Act No. 25 of 1898 the judgment of separation vested in her the right to sue for a divorce at the expiration of the one-year period prescribed by law for a reconciliation and that such right exists exclusively in her favor for the entire succeeding year; at the end of which period only her husband may sue for a divorce. And relator’s brief contains a number of general statements taken from text-writers, judicial decisions and digests to the effect that a judgment is a contract, vesting rights in the successful party, which is beyond the legislative power to affect.
 

 Article 86 of the Civil Code declares, “The law considers marriage in no other view than as a civil contract.” But the contract, itself, creates a social status or personal relation which affects not only the contracting parties, but also their posterity and the good order of society. The status or relation thus created is subject to the legislative will and not to the will of the parties, who cafinot dissolve it by mutual consent.
 

 The parties cannot have any vested property rights in a purely domestic relation. And the constitutional prohibition against tbe legislative impairment of contracts does not apply to marriage. Maynard v. Hill, 125 U. S. 190, 8 S.
 
 Ct.
 
 723, 31 L. Ed. 654. Approved in Arnett v. Reade, 220 U. S. 328, 31 S. Ct. 425, 55 L. Ed. 480, 36 L. R. A. (N. S.) 1040.
 

 A judgment of separation from bed and board is more in the nature of a provisional than a final proceeding. The matrimonial relation still exists. Even if the judgment should be appealed, it may fall by the reconciliation of the parties. It is only where no reconciliation takes place that the judgment may serve as the basis of an action for divorce by either of the spouses at the expiration of the periods fixed by law. Starns v. Starns, 174 La. 743, 141 So. 447.
 

 If the personal relations arising between the parties to a marriage, as distinguished from their property rights which exist separate and apart from their status and do not depend thereon, confer upon them no vested rights, it would seem plain that a judgment dissolving those relations cannot invest the successful party with any vested rights therein; and, a fortiori, must this be true where the judgment is only provisional in character —operating as a mere temporary separation, leaving all the other marital rights and obligations in full force during the life of the spouses, and being subject to the complete restoration to the marital status by reconciliation.
 

 Mr. Cooley, in his Constitutional Limitations, referring to the general subject of retrospective laws, says; “There is no doubt of the right of the Legislature to pass statutes
 
 *493
 
 which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden eo nomine, by the state constitution, and provided further that no objection exists to them other than their retrospective character.” Cooley, Const. Lim. (8th Ed. [1927]) vol. 2, p. 772.
 

 Subject to the restriction set forth in section 15 of article 4 of the state Constitution, that no ex post facto law, nor law impairing the obligation of contracts shall be passed, nor vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid, there is no, constitutional inhibition against the legislative enactment of restrospective laws.
 

 Act No. 56 of 1932 is not a criminal statute ; it is not an ex post facto law; and it does not impair the obligations of any contract. Cf. Hava v. Chavigny, 143 La. 365, 78 So. 594.
 

 A contract of marriage is by its very nature incapable of the application of the principle that no retrospective law or law impairing the obligations of contracts shall be enacted.
 

 Mr. Bishop, in volume I, Marriage and Divorce, § 1480, treating the subject of retrospective laws in respect to the causes for divorce, states: “Divorce statutes concern the good order of society. If, contemplating the interest involved as public, it is for the public order and profit that marriage be dissoluble after the transpiring of a particular delictum, it can make no difference what was the date of the delinquency, or whether before or after the statute was enacted. Hence, when the legislative intent does not directly appear in the statutory words, they should be applied equally to past and future transactions.”
 

 Prior to the passage of Act No. 25 of 1898, only the spouse in whose favor a judgment of separation from bed and board was rendered was entitled, in the absence of a reconciliation, to sue for a divorce after the expiration of one year from the date the judgment became final. The law presupposes the possibility of a reconciliation and, under its policy to promote it, has ordained that a period of one year shall elapse between a judgment of separation and the action for a divorce predicated thereon, in order that the parties may avail themselves of the opportunity thus given them to become reconciled.
 

 Act No. 25 of 1898 was enacted solely for the benefit of the party against whom a judgment of separation from bed and board is rendered, because under the pre-existing law, it was found that persons obtaining such judgments sometimes chose, from religious scruples or otherwise, to rest at that point, refrain from obtaining judgments of final divorce, and thus hold the defendants, with whom, perhaps, they were unwilling to become reconciled, in the position of being neither married nor capable of legally marrying, a position which was not regarded as conducive to good morals or the general welfare. Tortorich v. Maestri, 146 La. 123, 83 So. 431. See, also, Dowie v. Becker, 149 La. 160, 88 So. 777, and Raymond v. Carrano, 112 La. 869, 36 So. 787.
 

 The Legislature, in its wisdom, has seen fit by the adoption of Áct No. 56 of 1932 to shorten the time prescribed by Act No. -25 of 1898 from one year to sixty days within which the party obtaining a judgment of separation
 
 *495
 
 from bed and board may exercise the preferential right to sue for a divorce. Since marriage is a social status created and controlled by law, it was clearly within the legislative authority to do this; and we see no reason why the statutory provisions should not apply restrospectively as well as prospectively.
 

 Act No. 56 of 1982 does not create a new cause for divorce. It merely substitutes a new jurisdiction for an old. The change is clearly remedial or procedural in its character. In the absence of an express declaration or necessary implication to the contrary, it would attach equally to past as well as to future acts.
 

 There is nothing in the statute which would seem to require that the period of one year and sixty days from the date of finality of a judgment for separation from bed and board, at the expiration of which a right of action for absolute divorce accrues to the party cast in the judgment, must run after the law took effect. We must'presume, therefore, that the provisions of the statute were intended to apply to the past as well as to the future. The act covered by the statute is a continuing one and although it may have begun before the adoption of the statute, if it be continued after its passage for the period required therein, this is sufficient to bring the case within the terms of the statute. In such a case it is the continuing act, past and future, which becomes the offense.
 

 Act No. 269 of 1916, granting a divorce when married persons have been living separate and apart for seven years or more, was interpreted by this court in a series of decisions, beginning with Hurry v. Hurry, 141 La. 954, 76 So. 160, and held to apply to cases where a part or all of the time of the required separation of the parties had expired prior to the adoption of the statute. The other decisions completing the series are Hava v. Chavigny, 143 La. 365, 78 So. 594; Hurry v. Hurry, 144 La. 877, 81 So. 378; Vincent v. Le Doux, 146 La. 144, 83 So. 439; Dowie v. Becker, 149 La. 160, 88 So. 777, 779; McCubbin v. McCubbin, 163 La. 20, 111 So. 481.
 

 In Dowie v. Becker the court, commenting upon the statute, said: “The act is remedial in its nature, and it took effect upon people as it found them. It is simply retroactive to this extent: That it affected the rights of persons already in existence from the passage of the act and was not confined merely to rights and persons coming under its terms in the future. It is a statute giving the personal status of married persons, and giving the remedy to those who have lived separate and apart for more than seven years.”
 

 The legal principle enunciated in the cited eases is peculiarly appropriate to this case. What the court said in those cases relative to Act No. 269 of 1916, taking effect upon people as it finds them and giving a remedy to those covered by the terms of the statute, applies with equal force to Act No. 56 of 1932 under the provisions of which this suit for divorce was brought.
 

 Remedial statutes and statutes governing procedure apply to all actions brought subsequent to their promulgation. State v. Brossette, 1&3 La. 1035, 113 So. 366.
 

 The right to apply for or obtain a divorce is not a natural right, but one conferred only by statute. There is no doubt, as we have hereinabove stated, of the power of the
 
 *497
 
 Legislature to regulate and control divorce by general laws, and no right of either party is divested by limiting or extending the time for applying to have the decree of separation made absolute as a divorce.
 

 Under the provisions of Act No. 56 of 1532, relator was given sixty days at the expiration of one year from the date of the judgment of separation within which to apply for absolute divorce. For reasons of her own, she did not think proper to do this, and her husband, availing himself of the right given him in the statute, has applied for a divorce on his own account. Relator is not prejudiced by the action. The judgment of separation dissolved the community of acquGts and gains, and the spouses will share equally in the community property. And relator’s right, if any, to alimony is expressly protected under the provisions of the statute.
 

 For the reasons assigned, relator’s application for writs of mandamus and prohibition is denied at her costs.
 

 OVERTON, J., takes no part.