HENRY MASON, Plaintiff and Appellee, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellant.

No. 7562.  Argued June 15, 1938.—Decided June 22, 1938.

*C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant.
*Brown, González & Newsom,* and *Sergio Gelpí* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The complaint in this case was filed on January 30, 1933, and the district court rendered judgment on February 19, 1934, adjudging the defendant to pay to the plaintiff the sum of $2,429 as damages, together with costs, expenses, and attorney's fees. The defendant appealed to this court, which affirmed the judgment of the lower court on January 19, 1937. *Mason* v. *White Star Bus Line, Inc.,* 50 P.R.R. 794.

The plaintiff then filed his memorandum of costs which included the following items:

| | |
|---|---:|
| Fees for service of summons | $2.00 |
| Fees to the clerk | 10.00 |
| Expenses in connection with the deposition of Rafael Ríos, Jr., | 16.90 |
| Expenses in connection with the deposition of Charles Duff | 10.00 |
| Attorney's fees | 1,000.00 |
| Total | $1,038.90 |

The defendant appeared and opposed the memorandum of costs; it alleged:

(a) That items 3 and 4 regarding expenses of the deposition of witnesses Ríos, Jr., and Duff should be reduced to $5 each in accordance with the provisions of subdivision 5, section 327 of the Code of Civil Procedure, as amended by Act No. 69 of May 11, 1936 (Session Laws, p. 352).

(b) That the court lacked jurisdiction to consider the memorandum of costs because said proceeding was not

authorized by any statute, inasmuch as section 339 of the Code of Civil Procedure, which provides the form and manner of fixing costs, and section 327 of the same code, which provides the form and manner of fixing the amount of attorney's fees, as amended by Act No. 69 of May 11, 1936, in view of their procedural character have a retroactive effect and are therefore applicable to the present case, and the procedure prescribed in those sections has not been followed:

(c) Should the court conclude that it had jurisdiction to entertain this proceeding, the defendant furthermore attacked the item with regard to attorney's fees on the ground that it was excessive under the circumstances of this case.

After the issue was thus joined, the lower court decided the controversy by an order of May 27 of last year. It asserted its jurisdiction to entertain the proceeding, as it considered that section 327 of the cited code, both in the form in which it was drafted at the time that the judgment of February 19, 1934, was rendered, and when this court affirmed such judgment, was not of an adjective or procedural character, but of a substantive character, and that since costs were awarded under the terms of a prior statute, they have the nature of an obligation or debt forming part of the judgment. The court further held that even if section 327, as it reads at the present time, were considered to be of a procedural character, this could not alter the vested right acquired by the plaintiff under prior legislation, nor could it affect his right to costs. It approved items 1 and 2 as unattacked, reduced items 3 and 4 to $5 each and the attorney's fees to $500, and approved the memorandum of costs for the total amount of $522.

It is from that order approving the memorandum of costs that the present appeal has been taken.

The appellant insists on the retroactive character of the sections cited, in order to arrive at the conclusion that the order appealed from should be reversed inasmuch as if those sections were to be applied as they were in force at the time

that the judgment was affirmed on January 19, 1937, the memorandum of costs would have been filed out of term and the attorney's fees could not be fixed in the order approving the memorandum but in the judgment granting the costs themselves.

Both parties have filed extensive briefs in support of their respective positions, but in our opinion the solution of the problem is not difficult.

██ The general rule invoked by the appellant to the effect that laws of a procedural character have a retroactive effect and are applicable to cases pending at the time of their enactment as well as to future ones, is well established and universally accepted. But it is a golden rule within the field of interpretation of statutes that the paramount purpose of all rules of statutory construction is not to achieve some preconceived arbitrary objective, but to give effect to the legislative intent. *Spicer* v. *Benefit Asso. R. E.*, 90 A.L.R. 517, 522. In harmony with that principle, the general rule invoked by the appellant, like all such rules, has an exception which is that no retroactive effect is given to a statute governing procedure when it appears expressly or by necessary implication from the law itself that such was not the intention of the lawmaker. *Paulsen* v. *Reinecke*, 97 A.L.R. 1184, 1186; *Stallings* v. *Stallings*, 148 So. 687, 689.

The principle above expressed is not new in this jurisdiction. In the case of *Guerra* v. *Carrión*, 47 P.R.R. 798, 800, this court quoted with approval from 59 Corpus Juris 1173–1176, sections 700 and 701, from which citation we take the following paragraph:

"...The legislature has full control over the mode, times, and manner of prosecuting suits, *and whenever upon consideration of an entire statute relating to these matters, it appears to have been the legislative intent to make it retroactive, it will be given this effect.*" (Italics ours.)

Recently in the case of *Zayas* v. *Molina*, 50 P.R.R. 619, this court cited with approval a paragraph of the opinion

**324**

of the Supreme Court of Oklahoma in the case of *Shelby-Downard Asphalt Co.* v. *Enyart,* 170 Pac. 708, which reads as follows:

"Hence, under the well-established rule that a statute which applies to procedure only should be given a retrospective effect, *unless it appears that the Legislature intended it should operate prospectively only,* we think this act should be construed to embrace causes of action existing at the time the act went into effect, as well as those that should arise thereafter."

Let us see now what was the legislative purpose in amending sections 327 and 339 of the Code of Civil Procedure by Act No. 69 of May 11, 1936.

Section 327, *supra,* as the same was in force on the date that the judgment of the lower court was rendered, in so far as pertinent, reads as follows:

"Section 327. Parties to actions or proceedings, including The People of Puerto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; ..."

Section 339 of the said code, in force on the same date, reads, in its pertinent part, as follows:

"Section 339. Costs shall be claimed by the party to whom they have been granted by delivery to the secretary of the court wherein judgment was rendered in the first instance of a memorandum of said costs, of the disbursements necessarily made in the suit by the claimant, and of the amount of his attorney's fees, the truth of which memorandum shall be sworn to by the party or his attorney. Delivery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.

"The party against whom the costs have been taxed shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof within ten days after his copy has been delivered to him. In case of objection, the adverse party may file his answer within five days after he has been served with a copy of such objection. The court shall fix a day for the hearing of the case and upon said hearing, at which such evidence as may be pertinent and offered by the parties shall have been introduced the court render its decision.

"Should objection be made to the fees of an attorney on the ground that they are excessive, the court shall, upon deciding said objection, if the same be sustained, determine the amount of fees that shall be paid."

Section 327, as amended by the act cited, after granting the right to costs to the successful party, in referring to attorney's fees, says:

"In case any party shall have acted rashly, the court shall include in its judgment the payment of the fees of the attorney for the other party, stating in its judgment the amount of said fees, taking into account the degree of guilt in the litigation, and the work necessarily done by the attorney for the other party."

And section 339, according to the amendment of 1936, says:

"Section 339. The memorandum of costs shall be filed within ten days after notification of the judgment, and any opposition thereto within the following five days. Within ten days after the decision of the court on the memorandum of costs, either of the parties may appeal to the Supreme Court, and the appeal shall be considered jointly with any appeal that shall have been brought against the main judgment; *Provided,* That in case no appeal is taken from the main judgment, an appeal can always be taken from the memorandum of costs."

A comparison between the two precepts, as they existed at the time said judgment was rendered and as they had been amended at the time of the affirmance of that judgment by the Supreme Court, readily shows the impossibility of applying the subsequent act to those prior suits in which, as hap-

pened here, judgment had already been rendered with an award of costs. In the instant case, the memorandum of costs was not presented at the time the judgment was notified, because, as we have seen, the legal provision then in force required that the memorandum be filed within ten days after the judgment had become final *(firme)*. Of course, when the judgment was affirmed in this case the term prescribed by the Act of 1936 to file the memorandum had fully expired. The amount of the attorney's fees could not be included in the judgment as is required by the subsequent law, because according to the law which was in force at the time the judgment was rendered in 1934, the attorney's fees were fixed in the order approving the memorandum of costs. In other words, were we to apply the act in force when the judgment was affirmed on January 19, 1937, we would be depriving the appellee not only of the costs proper, but also of the attorney's fees granted to him by the judgment, and that obviously was not the purpose of the legislator because the subsequent act in its own terms is actually inapplicable to a case like the present, in which there already existed an award of costs in accordance with the statute then in force. The legislative purpose is still more evident when we consider that the subsequent act preserved the right to costs and attorney's fees, for it is impossible to conceive that it was the legislative intention to deprive litigants, who had obtained their awards of costs and attorney's fees before the existence of the new act, of that right, and grant the same right to those who obtained their award after Act No. 69 of May 11, 1936, went into effect. The situation would be different if the new act should have excluded from our code the right to obtain costs. In our opinion it is evident that the legislative intent was that the amendments to sections 327 and 339 should have only a prospective effect.

For these reasons we are of the opinion that the cited sections, as amended by Act No. 69 of 1936, have no retroactive effect and consequently are not applicable to a suit

like the present, wherein before the enactment of said legal provisions there had been made an award of costs under a prior act.

■ Having disposed of this jurisdictional question, it remains for us to consider the case on its merits. No objection was made to items 1 and 2, as they appear from the record, and the court approved them. As to items 3 and 4, objection was made to the amount thereof, and the court reduced that amount to $5 in each case, which was precisely the amount to which the appellant maintained that those items should be reduced, for which reason we can not interfere with the discretion of the court with regard to the same.

■ Regarding the attorney's fees, the lower court, in its opinion delivered in support of its order, expressed itself in the following terms:

"It appears from the record that, after the complaint had been filed, the defendant presented a motion to strike which was denied; that then she filed a motion for a bill of particulars which was sustained in part, and the plaintiff served the bill as ordered; and that a demurrer was interposed to the complaint which was overruled, the defendant being granted a term to answer. At the hearings of these three questions the plaintiff appeared through his counsel. After the complaint had been answered the plaintiff moved to have the testimony of Rafael Ríos, Jr., a resident of the United States, taken by deposition on which motion a hearing was also had and the corresponding commission and interrogatories were duly issued. For the deposition of the witness Robert C. Duff in Puerto Rico the procedure of serving the opposite party was also followed and both parties were present at the taking of the deposition. The trial was held, there being introduced both documentary and oral evidence on December 21, 1933, and on the following day at the request of the defendant, a view was taken, with the appearance of the attorneys for both sides. After judgment had been rendered, both parties moved for a reconsideration of the same, and submitted their arguments orally and by brief. The brief of the plaintiff covers 7 pages.

"After the above summary of the work necessarily done in this court by the attorneys for the plaintiff, it must be added that even though there does not appear to have been any great degree of

rashness on the part of the defendant in defending the action, since the claim was reduced to almost one-fifth of the amount set forth in the complaint, and was decided on the evidence, this was not an ordinary case of damages, but a laborious one, as is shown by the record and the transcript of the evidence on which the appeal was prosecuted and which consisted of 179 pages. The sum of $500 which represents about 20 per cent of the amount granted as damages by the judgment seems to be a just and reasonable attorney's fee; and the said sum is allowed as such fee. See *Díaz* v. *P. R. Railway Light & Power Co.*, 33 P.R.R. 24.

"Therefore, the memorandum is approved for the sum of $522 and the defendant, White Star Bus Line, Inc., is adjudged to pay to the plaintiff, Henry Mason, the said sum of $522 as costs, expenses, and attorney's fees; and it is ordered that the clerk issue the corresponding writ of execution if the amount should not be satisfied within the term prescribed by law."

After an examination of the grounds on which the district judge reduced to $500 the item for attorney's fees, we do not feel warranted in altering his conclusion, and we are of the opinion that the sum of $500 allowed for attorney's fees is a reasonable one.

Therefore, the order appealed from should be affirmed in all its parts.

