McCALEB, Justice
(dissenting).
It is my view that R.S. IS :13, as amended by Act 76 of 1962, governs this case and that the application of it here does not necessarily give the amendatory act a retroactive effect. This amendatory law extends the venue of criminal trials to any parish in which any one of the acts done in pursuance of the commission of the crime has occurred. Obviously, since the tires, which were sold by the accused pursuant to an alleged public contract fraud, were delivered in West Feliciana Parish, it can hardly be gainsaid that the delivery was one of the several acts constituting the crime. Therefore, under the statute as amended, prosecution could be instituted in that parish as well as any other parish in which other acts or elements constituting the offense occurred.
The accused was indicted in this case in May, 1963, long after the date on which the amendatory act became operative. In view of this, there has been no retroactive effect given to the statute. The circumstance that the defendant’s alleged law violation occurred prior to the effective date of the statute affords no basis for a conclusion that its application to this case gives the statute *685 a retroactive effect. The statute deals only with the venue of criminal trials and became available after its effective date to the indictment and trials of all crimes whether they were committed before or after the statute went into effect. The rule of law is firmly imbedded in the jurisprudence of this Court that a statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends are drawn from a time antecedent to its enactment. See State v. Alden Mills, 202 La. 416, 12 So.2d 204, citing, among other cases, the rule as applied by the Supreme Court of the United States in Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 and Reynolds v. United States, 292 U.S. 43, 54 S.Ct. 800, 78 L.Ed. 1353. See also Hurry v. Hurry, 141 La. 954, 76 So. 160 and Stallings v. Stallings, 177 La. 488, 148 So. 687 where, under circumstances somewhat similar in principle, it was held that the statutes would be applied retrospectively.
In State v. Williams, 216 La. 419, 43 So.2d 780, one of the bills of exceptions was levelled at the defendant’s complaint that, in a manslaughter prosecution, the court refused to charge the jury that they could return a verdict of (1) Guilty as Charged, (2) Guilty of Attempted Manslaughter, (3) Guilty of Negligent Homicide, or (4) Not Guilty. Instead the judge, following the mandate of Act 161 of 1948, which amended Article 386 of the Code of Criminal Procedure by prescribing certain verdicts enumerated therein to be responsive to various indictments, charged the jury that the only possible verdicts for manslaughter were (1) Guilty as Charged or (2) Not Guilty. Inasmuch as the crime had been committed prior to the passage of the amendatory act, the defendant contended that the charge should have been given in accordance with the law as it existed when the crime occurred. This Court, on appeal, rejected the contention observing that statutes which make changes “ * * * in matters relating merely to practice and procedure in the courts control trials had after the effective date thereof without regard to the date of the happening of the events which give rise to the proceeding. * * * ”
It appears to me that the Williams case is indistinguishable in principle from this one as the statutes involved in both cases relate solely to a change in procedure enacted by the Legislature which became operative as to prosecutions instituted after the effective date of the acts, even though the criminal acts occurred prior thereto.
Moreover, it cannot be doubted that the amendment to R.S. 15:13 is purely procedural in nature and affects no substantive right of the accused. Indeed, it cannot in any sense, in my view, be regarded as an ex post facto law as it is hornbook that “ * * * A statute enacted after the commission of a given act may therefore be applied in the prosecution for that act *687 when the statute relates to the jurisdiction of the court; relates only to procedure; increases costs; authorizes the use of an information in place of an indictment; changes the practice relating to the selection of grand jurors; changes the law relating to venue; or requires the defendant to raise the defense of insanity by a special plea. * * * ” See Wharton’s Criminal Law and Procedure, Vol. I, Section 21, Page 47, citing numerous authorities among which is Cook v. United States, 138 U.S. 157, 11 S.Ct. 268, 34 L.Ed. 906, where the U. S. Supreme Court denied the identical contention (which is being upheld here in the majority opinion) that the amendatory act, if applied in this case, is an ex post facto law.
In the Cook case, the defendant was prosecuted in the Circuit Court of the United States for the Eastern District of Texas for the offense of murder committed in the Public Land Strip prior to the passage of the Act of 1889 which gave said court jurisdiction of offenses occurring within the said Land Strip. The court held that the statute was applicable to the prosecution and that it did not violate the ex post facto clause of the Federal Constitution since it “ * * * does not touch the offense nor change the punishment therefor. It only includes the place of the commission of the alleged offense within a particular judicial district, and subjects the accused to trial in that district rather than in the court of some other judicial district established by the government against whose laws the offense was committed. This does not alter the situation of the defendants in respect to their offense or its consequences. ‘An ex post facto law/ this court said in Gut v. State [Minnesota, 76 U.S. 35], 9 Wall. 35, 38 [19 L.Ed. 573], ‘does not involve, in any of its definitions, a change of the place of trial of an alleged offense after its commission.’ ”
I respectfully dissent.