PBOVOSTY, J.
[1] Plaintiff sues his insane and interdicted wife for a divorce, through her curator ad hoc. The sole allegations are that they were married in this state in 1908, and have resided in this state since then; that they separated in 1911; that at the suit of her brother and others she was interdicted in 1914; that since their said separation they have lived separate and apart. The suit is based on Act No. 269 of 1916, § 1, reading;
“Be it enacted by the General Assembly of the state of Louisiana, that when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the state of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more.”
An exception of no cause of action was sustained and the suit dismissed.
Defendant’s learned counsel say that to apply said statute to the facts of this case *147 would do violence to any man’s conscience. We answer that if the Legislature had not intended that said law should be applicable to a case like this, it would not have so worded it as to be clearly applicable. Counsel say also that this law would evidently not be applicable to a case where the separation and living apart had been involuntary, as, for instance where a husband had been drafted into the army and forced to remain there away from his wife for seven years. Perhaps so, for in that case both the beginning and the continuation of the separation would have been involuntary; but nothing shows that in this case the beginning of the separation was not voluntary on the part of both parties, and the continuation voluntary on the part of the husband. Said statute takes no account of the cause of the separation; at any rate when voluntary on the part of either spouse.
The judgment appealed from is set aside, the exception of no cause of action is overruled, and the case is remanded, to be proceeded with according to law. Defendant to pay all costs.
DAWKINS, J., concurs in the decree.
O’NIELL, X, dissents.