For the reasons assigned, the judgment appealed from is affirmed.

BRUNOT, J., dissents.

142 So. 126

LEVEQUE v. BORNS.
No. 29910.

April 25, 1932.

Rehearing Denied May 23, 1932.

Racivitch & Hickerson, of New Orleans, for appellant.

Emerson Bentley, Curator ad hoc, of New Orleans, for appellee.

ST. PAUL, J.

Plaintiff alleges that he was married to the defendant in 1898; that in 1914 (more

than seven years before the filing of this suit) his wife became hopelessly insane and was committed to the public insane asylum at Jackson, La., where she has been confined ever since; that he himself has since then continuously resided in the city of New Orleans, separate and apart from his said wife. Wherefore he asks for a divorce from her, under the terms of Act No. 269 of 1916, providing that when married persons have been living apart for seven years or more either party may obtain a divorce on making due proof thereof.

The defendant, being of course incapable of making any appearance, answered through a curator ad hoc duly appointed to represent her; and this one excepted to the petition that same disclosed no cause of action.

The exception was sustained by the trial judge, and plaintiff appeals.

I.

In Vincent v. Le Doux, 146 La. 144, 83 So. 439, this court held that:

"The cause of the separation is immaterial, for the purposes of the act [Act No. 269 of 1916], and it is also immaterial, in a case where the defendant is insane when the suit is brought, whether the insanity covered the entire period of separation required by the act, or only part thereof." Syl. 3, in fine.

If the doctrine so announced be sound, and be adhered to by this court, then plaintiff is entitled to the relief he seeks. If it be otherwise, then the judgment below is correct and should be affirmed.

II.

In Artigues v. Lalande, our No. 26752, decided June 22, 1925 [but not reported, because

pending an application for a rehearing the plaintiff died], this court was of opinion that the doctrine of the Vincent Case was fundamentally unsound and should not be followed. The opinion of the court was unanimous, with but one judge absent; and the absent judge was the same who had previously dissented in the Vincent Case.

In the Artigues Case the court said:

"The statute was not intended to authorize the granting of a divorce in such a case as this; where the wife, because of her insanity, has been placed by the husband (although, properly so) in an institution for the insane, and [where] for that reason [alone] the husband has not been living under the same roof with her."

And the judgment of the district court, against the plaintiff, was affirmed.

### III.

The able and learned trial judge in the Artigues Case (Cage, District Judge), gave his reasons (in part) as follows:

"My conception of the meaning and intent of Act No. 269 of 1916 is this: Where two persons had married, and there was between them hatred, aversion, and incompatibility [of tastes and temperament] of such a nature as to make their living together abhorrent to them; and, either by mutual consent or through the determination of one of them, they had evinced that hatred, aversion and incompatibility, by living apart for seven years or more; it was thought that *that* was proof sufficient that such hatred, aversion, and incompatibility, either mutual or one-sided, was so deep-seated that it would continue to the end of life, and they would be married persons without being truly married; and to relieve such a situation the Legislature thought it best that their bonds should be severed and the parties left at liberty to contract another marriage with more congenial mates. In my opinion that was the sole underlying thought, the raison d'être, of the law."

In our opinion in the same Artigues Case, we said: "By *living separate and apart* the statute means a living apart under circumstances which show that the parties have separated voluntarily, or that one of them has abandoned or left the other." Our views were, therefore, in accord with those of the district judge.

Here there was no voluntary separation; here there was no abandonment of one spouse by the other. Plaintiff (be it said to his credit thus far) has never *abandoned* the defendant; and the unfortunate defendant was incapable of abandoning him.

#### Decree.

For the reasons assigned the judgment appealed from is affirmed.

On applications for rehearing.

PER CURIAM.

Both applications refused, without prejudice to the right of the curator to apply to the lower court to tax his fee.