152 So. 126

## GALIANO v. MONTELEONE.

### No. 32446.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Richard A. Dowling, of New Orleans, for appellant.

John E. Unsworth, of New Orleans, for appellee.

ODOM, Justice.

Plaintiff and defendant were married in the city of New Orleans on January 20, 1927, and lived together as husband and wife until September 15 of that year, when they separated. It is admitted that they have not lived together or become reconciled since. It is further admitted that each has resided continuously in this state since they separated, and that there are no children of the marriage.

Plaintiff brought the present suit against defendant for divorce on the ground of four

years' continuous separation as provided in Act No. 31 of 1932, p. 217. Section 1, of that Act, which amends Act No. 269 of 1916, reads as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That when married persons have been living separate and apart for a period of four years or more, either party to the marriage contract may sue, in the courts of his or her residence within this State, provided such residence shall have been continuous for the period of four years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of four years or more."

The defense is that the defendant was insane at the time of the separation and has been insane ever since, and for that reason there was no voluntary separation, and there has been no voluntary living apart as contemplated by the statute. This defense was sustained by the trial judge, plaintiff's demands were rejected, and he appealed.

The testimony satisfies us, as it did the trial judge, that defendant was insane at the time of the separation, and that she has been so ever since. That is the opinion of Dr. H. R. Unsworth, an admitted specialist on mental diseases. Dr. Unsworth, not only had a complete history of the case, but had observed and treated her over a period of several years. His father (now dead) was also a specialist on mental diseases, and had visited and treated defendant, and, during some of the visits made by the father, the son accompanied him. Dr. Unsworth testified that defendant "is a deteriorated dementia præcox," and that she had "dementia præcox"

prior to 1927, when she and her husband separated. He said she was "potentially born to be a dementia præcox or at least a mental disease patient," and that he had never seen her lucid, and doubted that she ever had been since the separation in 1927.

Defendant stayed with her mother constantly and was under her care from the date of the separation until October, 1930, when she was committed to the hospital for insane at Jackson, La. She remained there for some eight or nine months when she was temporarily released to her mother, who has had charge of her ever since. She has not improved, but has grown worse.

Counsel for plaintiff apparently does not deny that defendant is presently insane; at least he offered no testimony tending to show that she is presently sane. He did, however, attempt to prove that she was sane at the time of the separation. He showed that approximately one month after the separation her husband sued her for separation from bed and board on the ground of cruel treatment and abandonment, and that she answered the suit, coupled with a reconventional demand, etc.

The fact that such answer and reconventional demand was filed furnishes no proof that she understood what she was doing. The pleading was prepared by an attorney, who appended to it the form of an affidavit which she signed before him as notary. The testimony of defendant's mother is that she carried the document to her daughter, who was then in bed, and told her to sign it, and that she did. There is nothing to show that the proceeding was explained to her or that she understood it or that she exercised her own will or choice in the matter, and, according to the testimony before us, she was not capable of doing so.

According to the record brought up, defendant was insane at the time of the separation and has been so ever since. There was therefore no voluntary separation, and there has been no voluntary living apart—hence no ground for divorce under Act No. 269 of 1916, as amended by Act No. 31 of 1932; the provisions of the latter act being identical with those of the former, except that the time of living apart was reduced from seven to four years.

In Vincent v. Le Doux, 146 La. 144, 83 So. 439, it was held that, where the husband and wife live separate and apart during the period prescribed by the statute, either may obtain a divorce from the other, even though the one proceeded against was insane during the entire period of the separation.

The doctrine there announced is unsound and has been twice repudiated by this court:

Artigues v. Lalande, our No. 26752, decided June 22, 1925, and not reported because pending on application for rehearing, the plaintiff died. Leveque v. Borns, 174 La. 919, 142 So. 126.

What the statute means is that, if there is a voluntary separation and living apart during the period prescribed, either spouse may obtain a divorce on that ground. But in case either is insane, there is no voluntary separation and living apart and no ground for divorce.

The judgment appealed from is affirmed, with all costs.