OVERTON, Justice.
 

 Plaintiff brought this suit to have a receiver or liquidator appointed to take charge of the affairs of a partnership known as the S. & B. Stable, which is alleged to own three race horses, and some personal property, connected with the racing business.
 

 The ground alleged for the appointment of a receiver is that one creditor has run an attachment against the property, and that the remaining creditors are threatening to do likewise. It is urged that these conditions and threats make the appointment of a receiver or liquidator necessary.
 

 The partnership of the S. & B. Stable, it is alleged, is composed of Paul Baker, the plaintiff herein, and Henry Selnik, the defendant.
 

 The trial court, after a hearing had, appointed a receiver, and the defendant has appealed. Pending the appeal, the defendant died. His widow, the administratrix, has been made defendant in his place.
 

 Theodore H. McGiehan, Esq., representing himself as having been of counsel for plaintiff, filed, in this court, a motion to withdraw as counsel. This motion rests upon the grounds that he is unable to locate plaintiff, and that plaintiff has made an affidavit and confession, of wMeh he was entirely ignorant, declaring that at no time was he a partner of defendant, and that no such partnership existed as the S. & B. Stable. In these circumstances McGiehan alleged that he could not consistently represent plaintiff, and asked that his name be stricken from the record, which was granted.
 

 The foregoing sworn confession, the present defendant urges, calls for vacating the judgment appointing a receiver and for the dismissal of plaintiff’s suit.
 

 . Besides the foregoing as ground for a dismissal of plaintiff’s demand, defendant urges that she now occupies the position of both plaintiff and defendant, by virtue of a purchase made by her of all the rights and interests of plaintiff in this suit, the sale having been provoked, without opposition thereto, in the case of J. T. Gibbons, Inc., v. S. & B. Stable et al. (La. App.) 144 So. 641, on a writ issued by the First city court of New Orleans.
 

 The foregoing are matters, however, that came into existence pending the appeal in this case. As this court cannot receive evidence on appeal, there is notMng else to do but to vacate the judgment rendered and remand the case to the end that a full hearing may be had concerning these matters and the proper judgment rendered.
 

 For these reasons, the judgment appealed from is set aside, and the case is remanded to be proceeded with consistently with the foregoing directions.