STICH, Justice ad hoc.
 

 ' Plaintiff brings this suit against the defendant for a divorce based on the provisions of Act 430 of 1938.
 

 A curator ad hoc was appointed to represent the defendant. The undercuratrix of the defendant was also joined as a party defendant since the interest of the defendant, interdict, was opposed to that of his curatrix.
 

 Exceptions of no right or cause of action were filed by the undercuratrix and curator ad hoc. The District Court sustained the exceptions and the suit was dismissed. From this judgment plaintiff has appealed to this court.
 

 The pertinent allegations of plaintiff’s petition read as follows:
 

 “I. That she was married to August Gregory Hyver on November 19, 1926 in St. Bernard Parish, and that thereafter she and her husband established their matrimonial domicile in the City of New Orleans. ******
 

 “IV. Your petitioner further alleges that on or about June 1, 1935, because your petitioner believed her said husband guilty of infidelity and because of his cruel treatment toward her, petitioner left the matrimonial domicile with the intention never to return; that since that date petitioner and her said husband have lived continuously separate and apart and under separate roofs; that petitioner has since such time continuously resided in New Orleans.
 

 “V. Your petitioner further alleges that at all times prior to, and at the time of the said separation as related above, her said husband was of sound mind and remained
 
 *361
 
 ■so for a considerable period of time subsequent to said separation; that he was considered to be of sound mind by his wife as well as those who were acquainted with him.
 

 “VI. That, however, sometime later, the exact date of which your petitioner is presently unaware, the mental faculties of August Gregory Hyver became impaired and on April 24, 1936, 11 months after the said separation, he was admitted to the East Louisiana State Hospital at Jackson, Louisiana, as will be shown by reference to a letter from the Superintendent of said institution hereto annexed, and made a part hereof; that it is, therefore, necessary that a curator ad hoc be appointed by this Honorable Court to represent the incapacitated defendant with respect to his personal status.
 

 “VII. Petitioner avers that on May 21, 1947, a judgment in case No. 272,968 of the docket of the Civil District Court for the Parish of Orleans, was signed, pronouncing the interdiction of the said August Gregory Hyver, and naming your petitioner curatrix and Mrs. Juliette Hanna as Under-curatrix of said interdict.”
 

 These allegations must be accepted as true for the purpose of considering the exceptions of no right or cause of action.
 

 We, therefore, find that the plaintiff separated from her husband on June 1, 1935, when he was of sound mind; that the separation was voluntary; that approximately eleven months after the separation the defendant was admitted to the East Louisiana State Hospital; that he was interdicted on May 21, 1947, and that plaintiff has lived continuously in the City of New Orleans since the date of the separation on June 1, 1935, separate and apart from her husband.
 

 Act 430 of 1938 provides:
 

 “ * * * when married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, in the Courts of his or her residence within this State, provided such residence shall have been continuous for the period of two years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of two years or more.”
 

 The sole and only question presented for determination is whether plaintiff is entitled to a divorce from the defendant under the' provisions of Act 430 of 1938 where the separation, at its inception, was voluntary, but that approximately eleven months thereafter the defendant became insane, and plaintiff and defendant have lived continuously separate and apart from each other for a period of more than two years from' the date of the separation.
 

 This court, in the case of Vincent v. Le-Doux, 146 La. 144, 83 So. 439, in considering a similar statute, Act 269 of 1916, the period of living separate and apart being seven, years instead of two years, and where
 
 *363
 
 the wife’s interdiction occurred three years after the separation, held that the statute did not require that the living separate and apart should be voluntary, or that any reason should be assigned therefor.
 

 Thereafter this court in three cases— Artigues v. Lalande, No. 26,752 of the docket, decided June 22, 1925, and not reported because, pending an application for rehearing, the plaintiff died; Leveque v. Borns, 174 La. 919, 142 So. 126, and Galiano v. Monteleone, 178 La. 567, 152 So. 126 — held that there was no voluntary separation because the defendant in each, case was insane at the time of the separation, and insanity was the cause of the separation.
 

 In Artigues v. Lalande, supra, this court held that:
 

 “By ‘living separate and apart’, the statute means a living separate and apart, under circumstances which show that the parties have separated, or that one of them has abandoned or left the other. The statute was not intended to authorize the granting of ■ a divorce, in a case such as this, where the wife, because of her insanity, has been placed by the husband, although properly so, in an institution for the insane, and for that reason the husband has not been living under the same roof with her.”
 

 In the same opinion, the court further stated :
 

 “But plaintiff relies on the case of Vincent v. Le Doux, 146 La. 144, 83 So. 439, as supporting his position that the facts disclosed by the record, and stated above, entitle him to a divorce. In that case it appears that the husband and wife separated and that the wife later lost her mind and was interdicted. The issue there was,, whether the period during which the wife was insane should be included in computing the seven-year period, and this court held that it should be. In that case there was a separation, and during- the period of the separation the wife became insane, the separation continuing during the period of insanity, whereas in the present case there was. no separation. The two cases are not parallel. The Vincent case may contain expressions which miliate against the views-here expressed, but in so far as it does those expressions are beyond the issue, and are therefore merely obiter dicta.”
 

 This court, in Leveque v. Borns, supra, affirmed the doctrine laid down in Artigues-v. Lalande.
 

 And in Galiano v. Monteleone, supra [178 La. 567, 152 So. 127], which was a suit for divorce based on the living separate and apart for a period of-four years under Act. 31 of 1932, which amended Act 269 of 1916,. being identical in all of its provisions except that the period of living separate and' apart was four years instead of seven years,, held that:
 

 “What the statute means is that, if there-is a voluntary separation and living apart during the period prescribed, either spouse may obtain a divorce on that ground. But in case either is insane, there is no volun
 
 *365
 
 tary separation and living apart and no ground for divorce.”
 

 It is true that it was stated in the last two cases, Leveque and Galiano, that the ruling in the Vincent case is unsound but, from a mere reading of the four cases here-inabove referred to, it will be immediately obvious that the facts in Vincent v. LeDoux were quite different from those in the last three cases, because in Vincent v. 'LeDoux, as in this case, the separation was voluntary at its inception and the insanity did not occur until some time after such voluntary separation. In the cases of Artigues v. Lalande, Leveque v. Borns and Galiano v. Monteleone, the insanity existed at the time of the separation and was the cause •of the separation.
 

 In this case the plaintiff voluntarily separated from the defendant when he was sane, with the intention of never returning .to live with him.
 

 As we interpret the statute, the separation intended by it is a separation which is voluntary at its inception and which puts at an end the marital association. It must be with the intention of at least one of the parties to live separate and apart, or because one of the parties, with or without the acquiescence of the other, intends to • discontinue and sever the marital relationship. In essence, we hold that the separation must be voluntary at its inception and that, if one of the parties becomes insane . after such voluntary separation, the insanity does not preclude, prevent or bar the granting of a divorce.
 

 For the foregoing reasons, the judgment appealed from is set aside, the exceptions of no right or cause of action are overruled, and the case is remanded for further proceedings consistent with the views herein expressed. Defendant to pay cost of this appeal.
 

 HAMITER and HAWTHORNE, JJ., dissent.
 

 MOISE, J., recused.
 

 O’NIELL, C. J., takes no part.