**41 So.2d 734**

**CLARK v. CLARK.**

No. 39218.

May 31, 1949.

Rehearing Denied June 30, 1949.

Thos. Arthur Edwards, Lake Charles, for plaintiff-appellant.

William R. Tete, Lake Charles, curator ad hoc and for defendant-appellee.

HAWTHORNE, Justice. ·

Plaintiff, John Henry Clark, has appealed from a judgment of the lower court sustaining an exception of no cause and no right of action and dismissing his suit.

Plaintiff instituted this suit for a divorce under Act 430 of 1938, which permits an absolute divorce on proof by either spouse of the continuous living separate and apart of the spouses for a period of two years or more.

The petition, together with the annexed documents, discloses that plaintiff and his wife, who is represented herein by a curator ad hoc, separated because of her insanity; that, at the time she was adjudged insane, they were living together as husband and wife, but that, since the judgment adjudging her insane, she has been confined at the Central Louisiana State Hospital at Pineville, and that they have lived separate and apart and not under the same roof for more than two years and without

cohabitation or any marital relations whatsoever.

The decision of the lower court sustaining the exception and dismissing plaintiff's suit is correct, under the authority of Artigues v. Lalande, No. 26,752 on the docket of this court, decided June 22, 1925, not reported because pending an application for rehearing the plaintiff-appellant died and the appeal was dismissed; Leveque v. Borns, 174 La. 919, 142 So. 126, and Galiano v. Monteleone, 178 La. 567, 152 So. 126. In each of these cases, as in the instant case, there was no voluntary separation because the defendant was insane at the time the separation occurred, and the insanity was the cause of the separation. To maintain plaintiff's suit, it would be necessary for us to overrule these decisions, and, since we are not convinced that they are erroneous, we do not choose to do so.

In Ridell v. Hyver et al., 215 La. 358, 40 So.2d 785, 787, this court had occasion to distinguish the earlier case of Vincent v. Le Doux, 146 La. 144, 83 So. 439, from the three cases cited hereinabove, and in doing so pointed out that in the case of Vincent v. Le Doux the separation was voluntary at its inception, and that the insanity did not occur until after such voluntary separation, while in the three later cases the insanity existed at the time, and was the cause, of the separation. In the course of the opinion in the Ridell case, the following interpretation was placed upon the statute relied on by the plaintiff herein:

"As we interpret the statute, the separation intended by it is a separation which is voluntary at its inception and which puts at an end the marital association. It must be with the intention of at least one of the parties to live separate and apart, or because one of the parties, with or without the acquiescence of the other, intends to discontinue and sever the marital relationship. In essence, we hold that the separation must be voluntary at its inception and that, if one of the parties becomes insane after such voluntary separation, the insanity does not preclude, prevent or bar the granting of a divorce."

Even under the liberal view shown by that opinion, it is obvious that the majority of this court would not sustain a divorce under the facts of this case.

Although the writer of this opinion, who dissented in the Ridell case, is doubtful that the interpretation placed upon the statute by the majority of the court is correct, it is nevertheless clear that, under the Artigues, Leveque, and Galiano cases, cited supra, the plaintiff has no cause of action in the instant case.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.

O'NIELL, C. J., does not take part.