GLADNEY, Judge.
This appeal is from a decree of the trial court rejecting the counter demands of husband and wife for a dissolution of their marriage. From-this judgment the plaintiff wife has appealed.
Harriet Ann Lee Wheeler Broughton and Roy Clark Broughton were married on May 10, 1958 after which they established their matrimonial domicile in Shreveport, Louisiana. A child, Charles Leroy Broughton, who was approximately five years of age.at the time this suit was filed, is the only issue of said marriage, and is presently in the custody of his mother.
In the action instituted by Mrs. Brough-ton she alleged that her husband on or about January 13, 1965 demanded that she leave the matrimonial domicile, which she did, returning to the residence of her parents at Arlington, Texas; that thereafter at various times her husband committed various acts of adultery. Plaintiff, in demanding judicial relief, sought a divorce a vinculo matrimonii on the grounds of adultery, and alternatively, a separation from bed and board, a mensa et thoro, based on abandonment; she further prayed for a dissolution of the community, attorney’s fees and support, for herself and minor child. The defendant-husband, by responsive pleadings, has denied that he was guilty of any misconduct and through reconventional demand asks for judgment in his favor granting separation, a mensa *721 et thoro, from his wife, alleging abandonment and public defamation.
The case came to trial on its merits and some ten or more witnesses were called to testify. As pointed out in brief of counsel for plaintiff-appellant, the issues in this case are principally factual. It is contended by appellant that the trial judge improperly evaluated the testimony, particularly with respect to the charge of adultery, on the part of the husband. Examination of the record discloses that the evidence as to the commission of adultery by Broughton is predicated purely on circumstantial evidence. Although written reasons were not assigned by the court, manifestly its decision is based on the failure of ■ plaintiff-appellant to establish the charge by a preponderance of the evidence. It would serve no useful purpose to detail the evidence adduced in this case. The record, we find, fully sustains the finding of the court with respect to the charges of adultery.
 Both litigants have charged each other with abandonment. Likewise, we agree with the trial court that such charges have not been proven to a legal certainty and are insufficient to constitute abandonment. Such a charge is considered established only where one of the parties has withdrawn himself or herself from the common dwelling without a lawful cause and has constantly refused to return to live with the other.
Mrs. Broughton has, as revealed by the record, on occasions suffered from mental illness, but the evidence does not sustain the husband’s allegation she . should not be entitled to the care, custody and control of the minor child. She is presently employed and there is no specific complaint the child is improperly cared for.
Finding no reversible error in the judgment appealed from, it is accordingly affirmed at appellee’s cost.