PRICE, Judge.
This is an appeal by the husband from a judgment of separation from bed and board brought by the wife on the ground of abandonment, as provided by Section 5 of Article 138 of the Louisiana Civil Code.
Mary Ann Davidson Woodard brought suit against her husband, Dudley Dixon Woodard, on March 31, 1969, alleging that he abandoned her on December 27, 1968, and had not returned to the matrimonial domicile since that date.
In this court the defendant admits the sufficiency of the plaintiff’s proof that he withdrew from the matrimonial domicile without just cause on December 27, 1968. The sole complaint of defendant is that the plaintiff failed to allege, and did not offer sufficient proof to establish, that defendant has constantly refused to return to live with her as required by Article 143.
Article 143 of the Louisiana Civil Code reads as follows:
“Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made appear in the manner hereafter directed.”
Although it is true that the plaintiff’s petition did not specifically allege that the defendant has refused to return to live with her, she was allowed to introduce evidence attempting to establish this fact without objection by defendant. The introduction of evidence without objection by opposing counsel has the effect of enlarging the pleadings to conform to the evidence. Hope v. Madison, 192 La. 593, 188 So. 711; Stanley v. Jones, 201 La. 549, 9 So.2d 678.
The wife testified that no efforts were made by defendant to return to the domicile from the date of his withdrawal through the date of trial. Defendant admitted that he had not made any attempt to return nor had he in any manner sought to reconcile with his wife during this period of time.
Defendant relies solely on a statement made by the wife in response to a question under cross-examination that she would not have defendant back under any circumstances, and his own testimony, given after the wife made the foregoing statement, that he would now go back to his wife if she would let him.
In support of his position defendant cited the case of Sciortino v. Sciortino, 188 *169 So.2d 224 (1966), a Fourth Circuit Court of Appeal case in which the court had occasion to consider what proof is necessary to establish a refusal to return in an abandonment case. The court very ably discussed the law regarding abandonment and the changes made by recent legislation. We feel it appropriate to quote a portion of the language of the court from that case, as follows:
“Abandonment within the intendment of LSA-C.C. art. 138(5) does not exist merely by an act of withdrawal from the matrimonial domicile, but must be evidenced by the constant refusal to return. LSA-C.C. art. 143. Prior to Act 82 of 1958 this proof of abandonment, where no answer was filed, was required to be made by the issuance of summons to the abandoning spouse ordering him to return. If the spouse did return in response to the summons, there was no abandonment. The only change made by Act 82 of 1958 is that the summons to return is no longer required and proof of the abandonment is now made as in any other civil suit. The underlying principle and the reasons for this cause of separation from bed and board have not been changed. A timely return to the matrimonial domicile without summons would no less nullify the abandonment. The judgment based solely on the ground of abandonment cannot be sustained.” (Emphasis supplied) (Page 227)
It is to be noted that the court in the Sciortino case refers to “a timely return” to the matrimonial domicile as one of the means to nullify an abandonment. Under the facts of that case the court found that the husband had made several attempts to return to his wife prior to the suit being filed. He had actually returned to the domicile on more than one occasion and only the unwillingness of the wife prevented a reconciliation. The facts of the case herein under consideration are directly opposite those of the Sciortino case.
In this case the evidence disclosed that no attempt was made by defendant to return to the domicile at any time after his withdrawal. Nor is there any evidence showing that he has at any time communicated to his wife any desire on his part to effect a reconciliation. Defendant’s belated statement at the time of trial, signifying a willingness to return, can only be viewed as a self-serving statement to attempt to defeat plaintiff’s cause of action. It could not be held to constitute a “timely return to the domicile” as within the meaning of this phrase as used in the Sciortino case.
As the evidence clearly shows that defendant, up to the time of trial, has constantly refused to return to live with his wife, then her declaration that she would not have him back is completely immaterial. It is in answer to a supposition or hypothetical situation which had not, and may not ever occur.
For the foregoing reasons we find no error in the judgment appealed from. It is therefore ordered that the judgment be affirmed and all costs of this appeal to be paid by appellant.