231 So.2d 580 (1970)
Barbara C. France BELOU
v.
Frederick A. BELOU.
No. 3811.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
*581 Oneal C. Legendre, Jr., Kenner, for plaintiff-appellee.
Ralph D. Dwyer, Jr., New Orleans, for defendant-appellant.
Before REGAN, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
This is an appeal from a judgment granting the wife, Barbara Belou, a separation from bed and board on the grounds of abandonment. The parties were married on May 18, 1968, and established a matrimonial domicile in Jefferson Parish, Louisiana. There were no children born of the marriage. On September 12, 1968, four months after the marriage, the husband, Frederick Belou, left the matrimonial domicile. On September 20, 1968, eight days later, plaintiff-wife filed suit for separation from bed and board on the grounds of abandonment. She did not ask for alimony but reserved her right to future alimony should the need arise. Judgment was rendered in favor of the wife on December 17, 1968, from which this appeal was taken.
The law applicable to the present situation are Civil Code articles 138(5) and 143.LSA-C.C. art. 138(5) reads as follows:
"Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
"5. Of the abandonment of the husband by his wife or the wife by her husband; * * *
"* * *"
LSA-C.C. article 143 provides:
"Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board." (As amended Acts 1958, No. 154 § 1.)
Our jurisprudence has construed these articles to mean that not only must there be a withdrawal but there must also be exhibited on the part of the spouse who left, a constant refusal to return. Sciortino v. Sciortino, La.App., 188 So.2d 224, *582 Writ refused 249 La. 726, 190 So.2d 237; Broughton v. Broughton, 188 So.2d 720; Azar v. Azar, 185 So.2d 113.
In the present case the husband having admitted that he withdrew from the matrimonial domicile there remains for our consideration only the question of whether he "constantly refused to return" to the domicile.
This is a fact question and must be proven as any other fact in a civil suit. LSA-C.C. art. 145. The parties separated on September 12, 1968. Plaintiff filed her suit some eight days later on September 20, 1968. This fact alone would not be enough to satisfy this court that the husband did not intend to return. This would be particularly true in this case because during the four months of this marriage each party had left the domicile once prior to this occasion. However, after the husband was served with citation in this matter he made no attempt to contact his wife to advise her of any intention to return, nor did he try to reconcile their differences. Three weeks after the suit was filed his wife contacted him to discuss with him her plans to get a divorce. The record does not indicate that the at that point made any effort toward reconciliation. Defendant continued to pay the rent on the apartment, the telephone bill and the utility bill but made no attempt to see his wife. It is the court's opinion that these acts and the attitude of defendant after suit was filed for the separation manifested his intention not to return to the matrimonial domicile.
These factors demonstrate positively that the requisites for separation from bed and board on the grounds of abandonment have been met and that the court a quo's judgment is correct.
For these reasons the judgment appealed from is affirmed.
Appellant is assessed with costs of this appeal.
Affirmed.