SCHOTT, Judge.
Appellants are the parents and curators of Bonnie Wadsworth, interdict. They have appealed from a judgment maintaining peremptory exceptions of prescription, res judicata and no cause of action filed *720 by the interdict’s husband in response to a reconventional demand filed by the curators to annul a judgment of separation obtained by the husband on June 7, 1971.
Mr. and Mrs. Wadsworth separated on February 27, 1970, when Mrs. Wadsworth left the matrimonial domicile and went to Alabama. On February 4, 1971, the husband sued for separation on grounds of abandonment and an attorney was appointed curator ad hoc to represent the absent wife. After the curator filed a general denial an attorney representing Mrs. Wadsworth filed an answer with supporting affidavits alleging “That she is mentally incapable of assisting in the defense and that she cannot understand the nature of these proceedings.” The prayer was for a stay of the proceedings with an indefinite continuance. On May 31, 1971, the husband filed a supplemental petition seeking the separation on grounds of one year separation. Service was accepted by a new attorney for Mrs. Wads-worth who had just become replacement counsel of record.
On May 31, 1971, interrogatories were propounded to Mrs. Wadsworth through her new attorney. The answers, signed by the new attorney, admitted that the separation commenced on February 27, 1970. It was voluntary, no reconciliation had ever occurred, and the wife was aware that her husband was seeking a judicial separation on grounds of one year separation. Following the trial, at which Mrs. Wads-worth’s attorney was present, a judgment of separation was granted on June 7, 1971. In his reasons for the judgment now on appeal the trial judge observed that when the trial of the separation took place “no mention was made of Mrs. Wadsworth’s alleged mental condition although she was represented thereat by her attorney.”
On April 4, 1974, Mr. Wadsworth sued for divorce on grounds of living separate and apart for one year since the judgment of separation. Mrs. Wadsworth, for the first time represented by present counsel, answered, asserting that she was notoriously of unsound mind and incompetent at the time of the judgment of separation and that a petition for her interdiction had been filed. As plaintiff in reconvention she made the following allegations:
“I.
The judicial separation rendered on June 7, 1971, was obtained by fraud and ill practices and should therefore be annulled pursuant to Louisiana Code of Civil Procedure Article 2004.
“II.
The plaintiff in reconvention, herein, at the time of said judicial separation on June 7, 1971, was notoriously of unsound mind and incapable of comprehending the nature of the proceedings against her and therefore said judgment should be annulled pursuant to Louisiana Code of Civil Procedure, Article 2002 (1).”
In response to the reconventional demand Mr. Wadsworth filed peremptory exceptions of no right or cause of action, prescription of one year as to her action based upon LSA-C.C.P. Art. 2004 and res judi-cata. He also filed a dilatory exception challenging her procedural capacity, but this problem was cured when a judgment interdicting Mrs. Wadsworth was signed on June 10, 1974, and her curators became parties to the proceedings shortly thereafter. This appeal is by the curators from the judgment maintaining the peremptory exceptions and dismissing the action of nullity of the judgment of separation.
First, considering appellants’ action of nullity based on Art. 2002(1), it provides as follows:
“A final judgment shall be annulled if it is rendered: (1) Against an incompetent person not represented as required by law;”
*721 And it should be considered in connection with Art. 733:
A mental incompetent has no procedural capacity to be sued.
“Except as otherwise provided in Articles 732, 4431, and 4554, the curator appointed by a court of this state is the proper defendant in an action to enforce an obligation against a mental incompetent or an interdict. If an incompetent has no curator, but is interdicted, or committed to or confined in a mental institution, the action shall be brought against him, but the court shall appoint an attorney at law to represent him.”
These articles do not provide a remedy to appellants considering the procedural background of the case. If Mrs. Wadsworth was a mental incompetent at the time she was sued for a legal separation the proper procedural device to assert her incompetency was the dilatory exception of lack of her procedural capacity to be sued. By her failure to plead the exception before answer the objection was waived. C.C.P. Art. 928, Nicosia v. Guillory, 322 So.2d 129 (La.1975). She appeared through counsel at the trial and made no issue of her incompetence. A mere allegation that Mrs. Wadsworth was a mental incompetent at the time of the judgment of separation does not bring the case'within the purview of Article 2002(1): She must also allege that she was not represented as required by law which she cannot because the record precludes such an allegation.
The other ground for appellants’ action of nullity is C.C.P. Art. 2004:
“A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
At the outset it must be noted that in none of the affidavits or pleadings is there an assertion that as of the time Mr. and Mrs. Wadsworth first separated she was insane. They speak only of mental problems prior to the judgment of separation and mental incompetency at the time of trial. Unless Mrs. Wadsworth was insane or incompetent when the separation occurred in February, 1970, the separation was voluntary and Mr. Wadsworth was entitled to a judgment even if she became insane or incompetent subsequent to their separation. Clark v. Clark, 215 La. 835, 41 So.2d 734 (1949).
Appellants charge Mr. Wadsworth with fraud or ill practices in that he took his judgment with full knowledge of her insanity. Nothing precluded him from doing so. If appellants had alleged that Mrs. Wadsworth was insane in February, 1970, that her separation was therefore involuntary, and that Mr. Wadsworth knew this when he alleged a voluntary separation appellants would come closer to stating a cause of action. Nowhere have they made such allegations.
In effect, appellants seek to accomplish with an action of nullity what should have been attempted in defense of the suit. They seek an annulment of the judgment of separation so that they can prove that the interdict’s separation was involuntary. Prior to the judgment of separation Mrs. Wadsworth had the benefit of the services of a curator ad hoc and two different attorneys. As evidenced by the affidavits filed with her first answer from her father, a physician, her cousin, an attorney in Alabama, and . another physician, her mental condition was a matter of general knowledge, but no one claimed then, nor does anyone claim now, that the initial separation was involuntary because of insanity. Nothing precluded her from then raising the issue in defense of the suit and an action of nullity should not become a substitute for a defense on the merits. See *722 Steele v. Ruis, 202 So.2d 376 (La.App. 4th Cir. 1967).
Having concluded that appellants stated no cause of action it is unnecessary to address ourselves to the exception of prescription. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.