332 So.2d 896 (1976)
Joy Faye Wheeler ROBERTSON, Plaintiff-Appellee,
v.
Dennis Gene ROBERTSON, Defendant-Appellant.
No. 12916.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for defendant-appellant.
Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Robert J. Donovan, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JONES. JJ.
PRICE, Judge.
Dennis Gene Robertson has appealed from the judgment awarding his wife a separation from bed and board on the grounds of abandonment as provided by Louisiana Civil Code Article 143. Defendant's demands in reconvention for a separation in his favor were rejected by the trial court.
In initiating this action, Mrs. Robertson alleges she moved from the matrimonial domicile on May 20, 1975, in compliance with repeated suggestions of her husband that she leave, and that her request to return and reconcile after several weeks was rejected by defendant.
Although there were no written reasons given by the trial judge for his decision, we must assume he found the refusal by defendant to allow his wife to return to the domicile a "constructive" abandonment of the wife which entitled her to relief under Article 143.
On this appeal, the thrust of defendant's argument is that the evidence shows plaintiff's sole motive for requesting she be allowed to return to the domicile was for economic reasons and not to establish a *897 "reconciliation" in the true meaning of this term. Defendant contends that under these circumstances and in view of the decision of this court in Woodard v. Woodard, 229 So.2d 167 (La.App.2nd Cir. 1969), plaintiff is not entitled to a separation on grounds of abandonment.
We do not find our views in Woodard to be applicable to the instant case. In Woodard, we held that a self-serving statement at time of trial by the abandoning husband that he would come back to the domicile if the wife would let him was not sufficient evidence of intent to return where no overt efforts were made by him prior to trial indicating a desire to reconcile.
The record shows in this case the wife left after considerable friction had developed in the marital relationship with defendant and that he encouraged and assisted her to leave and get a separate apartment. He endorsed a note for her to procure the funds to accomplish the move. He also changed the locks on the apartment doors on the succeeding day where plaintiff could not return if she desired without his permission.
Plaintiff testified she moved from the domicile to find employment to support herself after repeated implications by defendant that he no longer desired to live with her. After several weeks she found her health would not permit her to work and asked defendant to allow her to return to the domicile. Defendant denied plaintiff's request to return, but admits that had she done so, he would have refused to allow her to return.
We do not find it appropriate to examine the motive behind plaintiff's offer to return to the matrimonial domicile. The crucial factor is her bona fide attempt to return and live with defendant which was refused by him. See Boudreaux v. Tanner, 295 So.2d 511 (La.App.1st Cir. 1974); Schoen v. Schoen, 259 So.2d 626 (La.App. 4th Cir. 1972).
From our review of the evidence, we find defendant had constructively abandoned plaintiff and therefore there is no error shown on the part of the trial court in awarding her a separation from bed and board.
The judgment appealed is affirmed at appellant's costs.