349 So.2d 488 (1977)
Kenneth Lee BURNETT, Plaintiff and Appellee,
v.
Lorene Elizabeth BURNETT, Defendant and Appellant.
No. 6120.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
*489 James B. O'Neill, Zwolle, for defendant and appellant.
Lowther & Boone by Robert C. Lowther, Jr., Many, for plaintiff and appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
This is a suit for separation from bed and board. The plaintiff husband alleged in his petition that his wife "constructively abandoned" him without cause by ordering him to leave the family home. A default judgment granting the husband a separation from bed and board was confirmed on January 24, 1977. Defendant wife appealed.
The record contains no transcript of testimony taken in connection with the confirmation of the default. There is a presumption, however, that the trial judge was presented with sufficient proof of the demand to establish a prima facie case. LSA-C.C.P. Article 1702, Ascension Builders, Inc. v. Jumonville, 262 La. 591, 263 So.2d 875, 878 (1972); Broussard v. Menard, 316 So.2d 485 (La.App. 3rd Cir. 1975).
In view of the presumption that there was sufficient evidence to support the confirmation of the default, the issue is in effect whether the husband's petition states a cause of action for separation from bed and board. The petition alleges:

"5.
"The marital relationship between petitioner and defendant has deteriorated for some time to a point when, in April, 1976, defendant told petitioner that she wanted him to leave the matrimonial domicile, but petitioner refused to do so at that time.

"6.
"Subsequently, in August, 1976, after a series of arguments, petitioner arrived home to discover that his wife had removed all of his personal belongings from the house and, further, defendant told him to leave, which he did at that time.

"7.
"In September, 1976, defendant contacted petitioner and requested that he return to the matrimonial domicile. Petitioner, desiring to make the marriage work, complied with her wishes. After one night, during which there was no resumption of the conjugal relationship, defendant again told petitioner to leave, which he did.

"8.
"Defendant's actions in this regard amount to a constructive abandonment, and petitioner desires and is entitled to a judgment in his favor and against defendant decreeing a separation a mensa et thoro, based on abandonment."
Plaintiff characterizes his cause of action as one based on "constructive abandonment". Our Civil Code does not list "constructive abandonment" as one of the grounds for separation from bed and board. See LSA-C.C. Article 138. However, cases from three of our Courts of Appeal have recognized constructive abandonment as a grounds for separation from bed and board. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976); Robertson v. Robertson, 332 So.2d 896 (La.App. 2d Cir. 1976); Smith v. Smith, 300 So.2d 205 (La.App. 3rd Cir. 1974). According to these cases, "constructive abandonment" occurs when one spouse, without just cause, orders the other to leave the matrimonial domicile. The rejected party is said to be "constructively abandoned" even though the offending spouse remains in the matrimonial domicile.
A refinement of the jurisprudential doctrine of "constructive abandonment" emerged in the Robertson case. There, the court found constructive abandonment had occurred and noted: "The crucial factor is her (i. e., the rejected party's) bona fide attempt to return and live with defendant, which was refused by him." This refinement appears to satisfy the requirement of LSA-C.C. Article 143 that the abandoning spouse "constantly refused to return."
If constructive abandonment is a grounds for separation from bed and board, as the above mentioned cases hold, then plaintiff's petition sufficiently alleges "constructive abandonment." The petition states that defendant *490 wife removed plaintiff's personal belongings from the home and that she ordered him to leave. The petition also states that plaintiff husband returned to the house for one night (at his wife's suggestion) but once again she ordered him to leave on the following day, thereby remaining constant in her intention to abandon plaintiff.
Moreover, we need not rely entirely on the jurisprudential rule of constructive abandonment, since the facts of the present case also constitute grounds for separation under the terms of the Code itself. LSA-C.C. Article 138(3) provides that a separation from bed and board may be claimed, "on account of . . . excesses, cruel treatment or outrages . . . [if] such ill-treatment is of such a nature as to render their living together insupportable." Clearly, when one spouse orders the other to leave the matrimonial domicile without just cause, removes his personal belongings and, after inviting him back, again orders him to leave, the rejected spouse should be entitled to a separation from bed and board on grounds of cruel treatment. Such treatment renders the spouses "living together insupportable", within the meaning of LSA-C.C. Article 138(3). Therefore, the present case should also be affirmed because the petition states a cause of action for separation on the grounds of cruel treatment.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.