DOUCET, Judge.
Sheilah D. Turner brought this suit against her husband, Thomas James Brous-sard, seeking a separation from bed and board on the grounds of abandonment. Defendant answered, denying plaintiff’s allegation that he had abandoned her without lawful cause, and reconvened, seeking a judicial separation on the grounds of cruel treatment sufficient to render their living together insupportable. Following a trial, the district court rendered judgment in favor of plaintiff, granting her a separation from bed and board on the grounds of abandonment, and awarding her attorney's fees of $500, to be paid from the assets of the community of acquets and gains existing between them. Defendant’s reconventional demand was dismissed. Defendant appeals.
Article 143 of the Civil Code provides that the essential elements of abandonment are: (1) withdrawal from the common dwelling, (2) the absence of lawful cause for withdrawal, and (3) the withdrawing spouse’s constant refusal to return to live with the other.
Defendant argues on appeal that the trial judge erred in granting plaintiff a separation from bed and board on the grounds of abandonment, because she failed to prove the third element set above, i. e., his constant refusal to return to live with her. He further argues that the trial judge erred by failing to find that plaintiff’s cruel treatment of him was not only just cause for his leaving, but also adequate grounds for granting him the separation from bed and *197 board that he sought by way of his recon-ventional demand.
Defendant relies on the decision of the court in Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir. 1976) in support of his argument that plaintiff failed to prove the element of his constant refusal to return to live with her. In its opinion in that case, our brethren of the Fourth Circuit addressed the issue of whether or not the mere act of leaving the matrimonial domicile is proof of the elements constituting abandonment, such that the burden of proof shifts to the defendant to show that the alleged abandonment was for lawful cause. The Court concluded that despite some jurisprudence to the contrary, the plaintiff’s burden of proving abandonment was not satisfied by the mere showing that the defendant withdrew from the common dwelling. After reviewing the evidence, the court found that the plaintiff had proved nothing more than the defendant’s withdrawal. It therefore concluded that she had failed to carry her burden of proof. However, because of the conflicting jurisprudence reviewed in its opinion, the court felt that fairness to the plaintiff demanded that the case be remanded to the trial court to permit her to adduce further evidence on the issue of abandonment.
We fully agree with that court’s position with regard to the plaintiff’s burden of proof. However, we do not agree with defendant’s contention that plaintiff’s proof in this case is no better than the evidence found to be insufficient by the court in Chamblee. See also Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
It is clear from the testimony of all of the witnesses at the trial, including plaintiff’s and defendant’s, that subsequent to his withdrawal from the common dwelling, defendant made no attempt to effect a reconciliation or to return to live with plaintiff. His actions after leaving and his testimony at the trial show clearly his intent not to return to the matrimonial domicile.
We note that despite its holding with regard to the plaintiff’s burden of proof, the court in Chamblee quoted with approval the following language from its earlier decision in Belou v. Belou, 231 So.2d 580 (La. App. 4th Cir. 1970), writ denied 256 La. 70, 235 So.2d 97 (1970):
“The parties separated on September 12, 1968. Plaintiff filed her suit some eight days later on September 20, 1968. This fact alone would not be enough to satisfy the court that the husband did not intend to return. This would be particularly true in this case because during the four months of this marriage each party had left the domicile once prior to this occasion. However, after the husband was served with citation in this matter he made no attempt to contact his wife to advise her of any intention to return, nor did he try to reconcile their differences. Three weeks after the suit was filed his wife contacted him to discuss with him her plans to get a divorce. The record does not indicate that he at that point made any effort toward reconciliation. Defendant continued to pay the rent on the apartment, the telephone bill and the utility bill but made no attempt to see his wife. It is the court’s opinion that these acts and the attitude of defendant after suit was filed for the separation manifested his intention not to return to the matrimonial domicile.” (emphasis added)
231 So.2d at page 582.
In the same vein, our brethren of the Second Circuit made the following comments on the evidence presented by the plaintiff in Woodward v. Woodward, 229 So.2d 167 (La.App. 2nd Cir. 1969):
“In this case the evidence disclosed that no attempt was made by defendant to return to the domicile at any time after his withdrawal. Nor is there any evidence showing that he has at any time communicated to his wife any desire on his part to effect a reconciliation. Defendant’s belated statement at the time of trial, signifying a willingness to return, can only be viewed as a self-serving statement to attempt to defeat plaintiff’s cause of action.” (emphasis added)
229 So.2d at page 169.
The record before us contains plaintiff’s testimony to the effect that defendant left *198 the common dwelling in a manner strongly suggesting an intention not to return. Her testimony is not contradicted by defendant’s testimony on this particular point. Although plaintiff had the burden of proof, we believe that we can properly infer from defendant’s failure to show that he communicated a desire to effect a reconciliation that he did not have such a desire or intent. In view of the above, we reject defendant’s argument that plaintiff failed to prove the element of his refusal to return.
The next issue which must be addressed is whether defendant had just cause for leaving. According to plaintiff’s testimony she performed all of the duties that could reasonably have been expected of her. She testified that she cooked at least one meal per day for defendant, did his laundry regularly, cleaned the house, etc. She also testified that although she occasionally lost her temper when provoked by defendant, her behavior was never unreasonable. Her testimony was partially corroborated by her friend, Carol Underwood.
Defendant’s description of plaintiff’s behavior was entirely different. He testified that she frequently refused to cook or do his laundry and that the house “was a pig pen”. He also testified that plaintiff frequently lost her temper and that when she did, she would physically mistreat him and destroy objects around her like the television set and his snare drum. According to defendant, her behavior was such that he came to fear that she would kill him during one of her rages. His testimony was corroborated to some extent by the testimony of his mother, his brother, and a neighbor, Russell Comeaux.
The trial judge concluded that defendant had failed to prove cruel treatment rendering their living together insupportable. He specifically rejected defendant’s claim that he left because he was in fear of his life, finding it had not been corroborated by the testimony of any of the other witnesses. Our review of the evidence has not revealed manifest error in the trial judge's findings. The credibility of the witnesses was an important factor in determining the weight to be attached to their testimony. The trial judge was in a better position to assess credibility, and we do not find his evaluations unreasonable. Accordingly, we reject defendant’s argument that he had just cause for leaving.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant.

AFFIRMED.