HALL, Judge.
The plaintiff-wife, an interdict represented by her curatrix, filed suit against her nonresident husband for a separation on grounds of abandonment, cruel treatment and nonsupport and, alternatively, for a divorce on grounds of living separate and apart for one year. Defendant filed an exception of lack of jurisdiction over the person contending that LSA-R.S. 13:3201(f), the long-arm statute, does not subject defendant to the personal jurisdiction of the court and if it is held to give jurisdiction to the court, it is unconstitutional. Additionally, defendant pled that neither he nor his wife are Louisiana domi-ciliaries; thus, the court has no jurisdiction *938 over the subject matter of the action. These exceptions were overruled. Defendant then filed a peremptory exception of no right of action, contending that the curator exceeded her authority in filing a suit for separation or divorce and that there is no legal basis for a curator to institute such a proceeding on behalf of an interdict. This exception was also overruled. The case was heard on the merits and the trial court granted a separation on grounds of abandonment, and awarded alimony pendente lite in the sum of $50 per month. The defendant appealed.
On appeal defendant makes four assignments of error: (1) the trial court erred in holding that a curator has the authority to file a suit for separation or divorce on behalf of an interdict; (2) the trial court erred in holding that a mentally incompetent person can change her domicile to Louisiana after being interdicted in another state; therefore, the court erred in holding it had jurisdiction over the subject matter of this suit; (3) the trial court erred in holding that LSA-R.S. 13:3201(f) gives Louisiana personal jurisdiction over a nonresident and in holding the statute constitutional; and (4) the trial court erred in holding that the evidence established that defendant abandoned his wife.
Pretermitting consideration of the first three assignments of error which raise serious and interesting issues, we reverse the judgment of the district court for the reason that the evidence does not support a finding of abandonment or other grounds for a separation.
The Corys were married in Louisiana on September 2,1944 and lived in this state for about two years. The couple moved to California in the late forties and lived there together until 1977. They reared two children, now grown. Defendant is legally blind but supported his family by operating concession stands in public buildings. The Corys own a home in California which is paid for.
In 1973 Mrs. Cory began losing her mental faculties. She was diagnosed by physicians as having a disease in which there* is a steady and permanent deterioration of the brain cells. By 1975 or 1976 plaintiff was completely helpless and had to be cared for like an infant. She was hospitalized on several occasions because she would not eat. Defendant instituted guardianship proceedings in California and was appointed his wife’s guardian.
In October 1977 plaintiff was still in poor condition. Defendant had been caring for her by himself for about two years. He had retired from his work in order to be home with his wife. Mrs. Pickett, Mrs. Cory’s sister, visited the couple in California and it was decided that Mrs. Cory would be taken to Louisiana to stay with Mrs. Pickett. Mrs. Pickett, a nurse’s aide by training, had taken care of several invalid members of her family and, to her credit, was pleased to have the opportunity to care for her sister. On several previous occasions she had offered to care for Mrs. Cory. The Corys and Mrs. Pickett flew to Louisiana and Mrs. Cory was brought to Mrs. Pickett’s home where she still lives.
Within two weeks Mrs. Pickett filed interdiction proceedings in Louisiana, seeking to be appointed Mrs. Cory’s curatrix. Defendant came back to Louisiana in December 1977 to visit his wife. He remained in Louisiana until January when a brother of Mrs. Pickett and Mrs. Cory ordered him off Mrs. Pickett’s property and told him his presence upset Mrs. Pickett. Mrs. Pickett did not inform defendant of the interdiction proceedings until after the judgment appointing her curatrix was signed in January 1978.
Defendant returned to California and has not been back to Louisiana since that time. Defendant, whose only income is about $390 per month from social security disability benefits, testified that each month he sent Mrs. Pickett a check for $25 to help care for his wife, but that only one of the cheeks was cashed by Mrs. Pickett. His testimony was corroborated by his checkledger which showed an entry of such a check each and every month. Mrs. Pickett denied receiving any checks, except one in January 1978, until after this suit was filed in June 1979. *939 She did not cash the checks received after the suit was filed on advice of her attorney. The suit was filed on the advice of her doctor and her. attorney in order to obtain financial aid for Mrs. Cory and to obtain her share of the California community property.
As curatrix, with court approval, Mrs. Pickett sold Mrs. Cory’s undivided interest in some family property in February 1978 for $3,500. Mrs. Cory receives social security benefits of more than $200 each month.
The trial court correctly held that a divorce could not be granted under the provisions of LSA-R.S. 9:301 because a separation is not considered to be voluntary where either spouse is insane at the time of the separation. Ridell v. Hyver, 215 La. 358, 40 So.2d 785 (1949); Galiano v. Monteleone, 178 La. 567, 152 So. 126 (1934).
The trial court also correctly held that the evidence did not support a finding that defendant had failed to support his wife. Mrs. Pickett’s testimony that she did not receive checks was not sufficient to establish that defendant failed to send money for his wife’s support in light of his believable and somewhat corroborated testimony that he did send checks monthly. It is significant that, except for a request by Mrs. Pickett’s brother in January 1978, no member of the family, including Mrs. Pickett, ever contacted defendant to ask for financial assistance.
On the issue of abandonment the trial court found that defendant brought his wife to her former home in Red River Parish voluntarily and left her with relatives, “probably for the noble purpose of seeing if perhaps additional medical treatment was available to her which she could not receive in California.” The trial court found that after some unpleasant incidents occurred between Mrs. Cory’s family and defendant he returned to California and had made no effort, legal or otherwise, to have his wife return with him. The court concluded that defendant had, in fact, abandoned his wife within the meaning of LSA-C.C. Art. 143.
LSA-C.C. Art. 143 provides:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.”
Courts have granted a separation on the basis of “constructive abandonment” where a spouse orders or causes the other spouse to leave the common dwelling and has refused to allow the other spouse to return. Burnett v. Burnett, 349 So.2d 488 (La.App. 3d Cir. 1977); Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976); Robertson v. Robertson, 332 So.2d 896 (La.App. 2d Cir. 1976).
Neither abandonment as defined in the code article nor constructive abandonment was established in this case. The decision to bring Mrs. Cory to Louisiana to stay with Mrs. Pickett was a mutual decision made by defendant and Mrs. Pickett in the best interest of Mrs. Cory in order to provide her with care and attention. Mrs. Cory was brought to Louisiana for a lawful and worthy cause with good intentions. The defendant has not visited in Louisiana because of the unpleasantness that exists between him and his wife’s family and because of financial limitations. He has, however, stayed in touch indirectly through frequent telephone calls to relatives in Louisiana. He has sent money for his wife and occasionally, gifts. Mrs. Cory is totally unaware of her surroundings and would not know defendant if he were to visit her. Undoubtedly, any attempt by him to bring Mrs. Cory back to California would be resisted by Mrs. Pickett, as she conceded in her testimony.
Abandonment as a grounds for separation under the code article was not established. Mrs. Cory’s removal from the matrimonial *940 domicile was for a lawful cause, with good intentions and for the purpose of providing her with the best possible care and attention in a rather difficult and pitiful situation. Defendant has not refused to take her back into his home nor has he indicated any intention to terminate the marital relationship or to abandon his marital obligations, which he met for the more than 35 years of their marriage. He has not abandoned his wife, either factually or legally.
For the reasons assigned, the judgment of the district court granting a separation from bed and board and awarding alimony pendente lite is reversed and set aside. Plaintiff’s demands are rejected and the suit is dismissed. Court costs, including the cost of appeal, are to be paid out of community funds.
Reversed and rendered.